TIMOTHY DOWNEY, Respondent, v. GEMINI MINING COMPANY, a Corporation, Appellant.

No. 1355.   (68 Pac. 414).

1. **Master and Servant: Personal Injuries: Instructions. Premises: Safe Condition.**
   Where a miner was injured by falling through a platform at the foot of a ladder over which he passed in going to and from his work, and the proceedings showed that the only inquiry concerning the defective condition of the mine was with reference to the platform and ladder, an instruction that it was defendant's duty to keep its "premises" in reasonably safe condition was not erroneous because it did not limit the jury to a consideration of the condition of the place of ingress and egress.

2. **Same: Anticipation of Danger: Instructions Must be Based on Evidence.**
   Where a miner descended a ladder used in going to and from his work, and, on stepping off the last rung, fell into a hole in the

Downey v. Gemini Min. Co.

platform made and left ope ꞁ the company's foreman, it was not error to refuse to instruct that the company was not obliged to make every place the miner might elect to go reasonably safe, nor anticipate that he would leave his place of work by any other than the usual way, there being no evidence in support of such instruction.

3. **Same: Ordinary Care: Definition.**
In an action against a mining company for injuries to an employee, an instruction that it was defendant's duty to keep its premises in a reasonably safe condition—such condition as they would have been kept .by a person of ordinary prudence under the same circumstances, considering the nature of the work to be performed—was not erroneous for not using the words "skilled in the business" after the words "person of ordinary prudence," the court having instructed in that connection that "the defendant was under no obligation to keep the plaintiff absolutely safe and free from danger," but that its duty was "to use ordinary care, which is the care ordinarily exercised by persons of average prudence under the same or similar circumstances."

4. **Same.**
Ordinary care implies and includes the exercise of such reasonable diligence, care, skill, watchfulness, and forethought as under all the circumstances of a particular service a careful, prudent man, or officer of a corporation, would exercise under the same or similar circumstances. And by the terms "same circumstances" is meant to include all the circumstances of time, place, and attendant conditions.

5. **Same: Anticipation of Danger.**
Where a miner descended a ladder used in going to and from his work, and on stepping off the last rung fell into a hole in a platform made and left open by the company's foreman without the knowledge of the miner, it was not error to refuse to instruct that the miner could not walk blindly into danger and seek to hold the company liable, as it is not contributory negligence not to look out for danger when there is no reason to apprehend any.

6. **Same: Instruction Must Apply to Facts in Issue.**
An instruction that, if the ladder was loose and had been loose for some time prior to the accident, it was the miner's duty, at the time in question, to use more care in descending the ladder than if it was firmly fastened, was properly refused, the injury not being traced or claimed to result from the fact that the ladder was not fastened.

7. **Same: Negligence: Failure to Define not Error.**

Though, in an action by an employee, for personal injuries, it would have been in accordance with established rules of procedure to define negligence, a failure to do so was not error, where the instruction as a whole must have conveyed to the jury the meaning of the term.

8. **Same: Negligence Defined.**

Negligence is the failure to observe for the protection of another's interests and safety such care, precaution, and vigilance as the circumstances justly demand, and the want of which causes the injury.

9. **Same: Not Reversible Error to Refuse Instruction when Substance Covered by one Given.**

The court, in an action by a miner for injuries, having instructed that negligence on the part of the defendant was not presumed, but that it was an affirmative fact, which must be proved by plaintiff by a preponderance of evidence; that the negligent acts proven, if any, must be those alleged in the complaint; and that the burden of proof was on the plaintiff—it was not error to refuse to instruct that the fact that an accident occurred in defendant's mine, as a result of which plaintiff was injured, was no proof, and raised no presumption of negligence.

10. **Same: Mining Company: Passageway.**

Where plaintiff, a miner, descended a ladder used in going to and from his work, and on stepping off the last rung fell into a hole made and left open by the foreman without plaintiff's knowledge, an instruction that where a mining company, in the prosecution of its work, is putting in timbers and floors to catch ore as it is broken down and distribute it into various chutes, and the floors are being changed from time to time to keep up with the work, such floors and timbers and passage-ways are to be deemed the work itself, and not the place of work, or the means of egress and ingress, within the rule requiring the master to keep them reasonably safe, was not correct, and was properly refused.

11. **Same: Fellow-Servants.**

The question of a fellow-servant's negligence was not in the case, but whatever was done by the foreman in the mine in leaving the hole in the platform was chargeable to the company.

(Decided March 18, 1902.)

24 Utah—28

Appeal from the Fifth District Court, Juab County.—*Hon.*
*T. Marioneaux*, Judge.

Action to recover for alleged personal injuries received
by the plaintiff while working in the defendant's mine. From
a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood, Messrs.
Brown & Henderson,* and *Messrs. Bennett, Sutherland, Van
Cott & Allison* for appellant.

*Messrs. Powers, Straup & Lippman* for respondent.

MINER, C. J.—The plaintiff was an experienced miner
in the employ of the defendant company in July, 1900, and
gave testimony tending to show that at the time in question
he was working on the 1,550-foot level. The only way for
him to reach and return from the place of his employment was
by climbing and descending a seven-foot ladder, the foot of
which rested upon planks placed upon timbers, and the top
thereof resting against the side of the wall. At the time of
the injury complained of the plaintiff ascended this ladder as
usual at one o'clock p. m. At this time the planks or plat-
form at the foot of the ladder were all in place and nailed
down, as had been the case for about one month. After
plaintiff had ascended the ladder to his work in the stope
above, the foreman of the mine, without plaintiff's knowledge,
took up the plank flooring at the foot of the ladder, and left
a hole in the platform. Beneath this hole and platform was
a chute forty feet in depth. No warning was given to the
plaintiff of this change in the platform or floor under the
ladder, and no lights or guards were placed there to warn the
workmen of the change and danger in descending the ladder.

On his return from work plaintiff was required to descend this ladder, and was in ignorance of the changed condition of the platform below. He quit work as usual and descended the ladder with his tools in his arms, exercising, so far as appears, due care. The place where the ladder stood was dark. As he stepped from the last rung of the ladder to a point below, where he had been accustomed to step to the platform, he dropped into and through the chute mentioned, which was partially covered by the platform, about forty feet, and received serious and permanent injuries, for which he seeks to recover damages. The jury found for the plaintiff, and the defendant appealed.

Full instructions were given to the jury upon the issues involved, among others being the following, to which defendant excepted: "You are instructed that it was the duty of the defendant company to keep the premises about which the plaintiff was employed in a reasonably safe condition; that is to say, in such a condition as the premises would have been kept by a person of ordinary prudence under the same circumstances, considering the nature of the work to be accomplished." It is insisted that this instruction does not limit the jury to a consideration of the condition of the means of ingress and egress to the place of employment in the mine, as charged in the complaint. The proceedings show that the only inquiry concerning the defective condition of the mine was with reference to its condition down and at the foot of the ladder and the platform through a hole in which plaintiff fell. The condition of the platform and ladder were sufficiently and specifically referred to by the court in the statement of the case and charge to the jury, and the inquiry was directed to that condition and to no other part of the mine except where the injury is alleged to have occurred. The law was properly presented in this and other instructions given in connection therewith on that subject.

It is also insisted that the court erred in refusing to give

the following request: "Defendant is not obliged to make every place where plaintiff might elect to go reasonably safe, nor was it obliged to anticipate that he would leave his place of work by any other than the usual way, or that he intended to put his tools in any particular place, and therefore, if you find that plaintiff, upon reaching the foot of the ladder, started to go in any other or different direction from that usually traveled by workmen leaving that portion of the stope from which plaintiff was returning at the time of the accident, then, in that case, he must be held to have assumed the risk and all dangers incident to such acts, and can not recover in this action, and your verdict must therefore be for the defendant." If any evidence was given in the case upon which this request could be predicated, it would have been, proper, provided the court did not otherwise cover the question in its charge to the jury. This is so because each party is entitled to have instructions given based upon his theory of the case, if there is any evidence to support it. Buckley v. Silverberg (Cal.), 45 Pac. 804; Milling Co. v. Ames (Colo. Sup.), 47 Pac. 382. But counsel have failed to point out any evidence upon which this request to charge could be based, and we are unable to discover any such testimony in the record. The plaintiff descended the ladder with his face to it, and when he stepped off from the last rung he fell into the hole left in the platform by the foreman. It does not appear that he started to go anywhere else than down the ladder. He took but one step from the ladder, and that step let him into the hole left by the foreman in removing part of the platform. We find no merit in this exception.

It is also claimed that the language used in the instruction given to the effect that it was the duty of the defendant to keep the premises about which the plaintiff was employed in a reasonably safe condition—that is to say, in such a condition as the premises would have been kept by a person of ordinary prudence under the same circum-

stances, considering the nature of the work to be performed—
was erroneous. Defendant insists that the words "skilled in
the business" should have been used after the words "persons
of ordinary prudence," and that the jury should have been
told to view the matter from a standpoint of an ordinarily
prudent person, skilled in the business. In connection with
this instruction the jury were also told that, "The defendant
was under no obligation to keep the plaintiff absolutely safe
and free from danger, nor to insure the plaintiff against acci-
dent. Its duty, to express it tersely, was to use ordinary care
to secure the plaintiff's safety. Ordinary care, you are in-
structed, is the care that is ordinarily exercised by persons
of average prudence under the same or similar circumstances.
Just what that degree of care is, or would be, is for the jury
to determine. Having determined what, under the circum-
stances, would have been ordinary care, it is for you to say
whether such care was exercised by the defendant about the
premises in question." This instruction referred to is to be
taken in connection with the former. The care to be exer-
cised was such as is ordinarily exercised by mine owners and
persons of ordinary prudence under the same circumstances.
If the defendant exercised such care as an ordinarily prudent
person or mine owner would have done under the same or
similar circumstances, then it exercised ordinary care. The
place of the injury was at the foot of the ladder constructed
for the miners to ascend and descend to and from their labor.
The subject discussed was that of the defective condition of
the platform, and of an injury occurring to plaintiff at that
place in the mine, and the question was what an ordinarily
prudent man or mine owner would have done under the same
or similar circumstances. The jury could make no mistake
in applying the instructions to the facts in evidence, and the
care required of the defendant under such circumstances at
the time and place named. The business of an ordinary
miner performing services like those performed by the plain-

tiff does not require the exercise of that high degree of care, skill, and workmanship. as might be demanded in certain kinds of dangerous employments, where a high degree of care and skill is to be exercised to prevent injury; and while, in the former case, ordinary care is required to be exercised on the part of the employee, no greater degree of care is to be required of the master in this case than that he should have kept the premises, ladder, and platform, about which the plaintiff was employed, in a reasonably safe condition—in such a condition as the premises would ordinarily be kept by miners of ordinary prudence, under the same circumstances, considering the nature of the work to be performed.    Ordinary care simply implies and includes the exercise of such reasonable diligence, care, skill, watchfulness, and forethought as, under all the circumstances of the particular service, a careful, prudent man or officer of a corporation would exercise under the same or similar circumstances. And by the term "same circumstances" is meant to include all the circumstances of time, place, and attendant conditions.    As said in Jungnitsch v. Iron Co., 105 Mich. 271, 63 N. W. 296, "The reduction of danger to a minimum requires the exercise of the highest degree of care attainable, and the law imposes no such duty upon the employer, but only the exercise of that reasonable care which the ordinarily prudent and careful man exercises in like or similar work."    Railroad Co. v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; 16 Am. and Eng. Enc. Law (1 Ed.), 403.    Like instructions to that given in this case have stood the judicial test for years, and we do not consider it advisable, in such a case as this, to modify the rule on that subject.

Exception is also taken to the refusal of the court to give defendant's request No. 12, on the subject of the exercise of reasonable care on the part of the plaintiff, and that he should not have walked blindly into danger and seek to hold defendant liable therefor, and also in failing to

give defendant's eighteenth request, as follows: "If you believe from the evidence that the ladder on which Downey went down just previous to his injury was loose and had been loose to his knowledge for some time prior thereto, then it was plaintiff's duty at the time in question to use more care in descending the ladder in question than if the same were permanently fastened." We find no evidence to justify the giving of the twelfth request. The testimony tends to show that the master created the danger and failed to give warning of its existence to the plaintiff. Plaintiff was allowed, without warning, and while in the exercise of due care, to descend from the ladder and to fall into a hole negligently left by the master. The master had knowledge. The servant had no knowledge of the existence of the hole in the platform. Darkness prevented him from seeing that a pitfall had been dug beneath the ladder since he had last used it. Under such circumstances the servant ought not to be held negligent and the master blameless. It may be said that it is not contributory negligence not to look out for danger when there is no reason to apprehend any. This is a sound rule of law. That all men will, under ordinary circumstances, act with due care may be considered a presumption of law. But no one is authorized to rely upon this presumption if circumstances arise which would convince a reasonable man, under the circumstances, that such care was not being exercised. Beach, Contrib. Neg. (3 Ed.), sec. 38. The court gave full instructions on this subject of the assumed risk and care for the servant's own safety, which fully covered the above request. The question raised by the eighteenth request, as to whether the ladder was permanently fastened, and whether the plaintiff should have used more care if it were not so fastened, was not material or important, as no injury is claimed or traced to the fact that the ladder was movable. The charge of the court sufficiently covered the issue as follows: "The defendant has pleaded that the plaintiff assumed

the risk of being injured by the accident in question. Upon this point I charge you that if you believe from the evidence that the peril of falling into the chute or excavation referred to in the evidence was a peril incident to the employment, and was not produced by a want of ordinary care on the part of the defendant, then it is a risk assumed by the plaintiff, and he can not recover. But if you believe from the evidence that the danger of suffering such an accident was not incident to his employment, and could have been guarded against by the exercise of ordinary care on the part of the defendant, then plaintiff did not assume the risk of such an accident, and if he was injured without fault on his part he is entitled to recover."

It is alleged that the court erred in neglecting to define the word "negligence," or to give the defendant's request on that subject. It is true that the court, if requested, should give instructions upon any point of law relevant to the issues involved in the case before it. In doing so the court may not necessarily adopt the instructions requested in the language of counsel, but may cover the question in his own charge to the jury. The technical definition of negligence was not given, yet the court, in its general instructions, stated what the issues were, and that the action was brought to recover damages for negligently, and in the absence of reasonable care, leaving uncovered the chute or excavation at the foot of the ladder. The negligence referred to was the leaving of a hole in the wooden platform under the ladder, and in failing to warn the plaintiff of its existence. The question of negligence and contributory negligence, and the duty of each party, under the circumstances, was fully discussed and explained as bearing upon the plaintiff's right of recovery or nonrecovery. The court recited the charge as contained in the complaint, and charged the jury, among other things, that, "Negligence on the part of the defendant is not presumed. It is an affirmative fact, which plaintiff must prove by a pre-

ponderance of the evidence, and the negligent act or acts proved, if any, must be such particular acts as are alleged in the plaintiff's complaint.    The burden of proof is on the plaintiff, and if you find that the evidence bearing on the question of negligence on the part of the defendant is evenly balanced, or that it preponderates in favor of the defendant, then, in that case, the plaintiff can not recover, and your verdict must be for the defendant—no cause of action."    The jury were also told that the defendant was under no obligation to keep the plaintiff absolutely safe and free from danger, nor to insure the plaintiff against accident; that its duty was to use ordinary care to secure his safety; that ordinary care is that care ordinarily exercised by persons of average prudence under the same or similar circumstances; the degree of care that is to be used is for the jury to determine.    Negligence has been defined to be the failure to observe, for the protection of another's interests and safety, such care, precaution, and vigilance as the circumstances justly demand, and the want of which causes him injury.    While it would have been more in accordance with the established rules of procedure to have given a request defining the technical meaning of the word "negligence," yet the instructions as a whole leave no serious question but that the meaning of the word was conveyed to and understood by the jury.

Error is also alleged because of the refusal of the court to instruct the jury as follows:    "If you find, as a fact, that an accident happened in the mine of the defendant, and as a result thereof the plaintiff was injured, this, in itself, is no proof, and raises no presumption of negligence on the part of the defendant."    The court instructed the jury that negligence on the part of the defendant is not presumed; that it was an affirmative fact that the plaintiff must prove by a preponderance of the evidence; that the negligent act or acts proven, if any, must be such particular acts as are alleged in

the complaint; and that the burden of proof is on the plaintiff. This instruction is a sufficient answer to the objection.

Error is assigned to the refusal of the court to give the following instruction: "Where a mining company in the prosecution of its work in the extraction of ores and putting in timbers and floors thereon for the purpose of catching the ore as it is broken down and distributing it into various chutes, and the said floors and timbers are being from time to time changed in order to keep up with the work and receive and sort the material broken down in the further progress of such work, in such case said floors and timbers and passageways are to be deemed the work itself, and not the place of work, or the means of ingress or egress, within the rule requiring the master to keep them reasonably safe." If such a request embraced the law upon this subject in cases like the one before us, the defendant would be relieved from any responsibility of using reasonable prudence and care in the prosecution of its work, and each employee might be remediless for injuries received on account of the negligence of the master. Under it the master could, in the dark tunnels and excavations of the mine, where employees were required to pass in and out to their labor, remove the usual known means of ingress and egress or dig pitfalls in the department or place where the servants are employed or required to pass to and from their labor, of which the employees would have no information or warning, and yet remain wholly irresponsible for injuries to them through such negligence, which might, or could, have been avoided by the use of care or the timely warning of the danger. Such a doctrine might be exceedingly beneficial to the master in avoiding liability, but could hardly be considered as humane to the servant. The servant in his employment has the right to suppose that the master will conduct his business as respects the servant's safety with ordinary prudence and care, and that if he makes the place where the servant is employed, or is

required to pass to his work, dangerous and unsafe, which was before reasonably safe, and is himself aware that the servant has no knowledge of the changed conditions, and it is not the duty of the servant to know of such changed conditions, then the master should warn the servant of such danger in time to prevent the injury. In the present case it appears from the testimony of the plaintiff that the master made the platform where the servant was required to pass dangerous and unsafe, and gave no warning of its condition, and thereby the servant, although using due care, as the jury found, was injured. We are of the opinion that the request was properly refused.

The court correctly charged the jury that under the facts the question of fellow-servant was not in the case, and that whatever was done by the foreman in the mine in leaving the hole in the platform was chargeable to the defendant.

Upon the whole record, we find no reversible error. The judgment of the district court is affirmed, with costs.

BASKIN and BARTCH, JJ., concur.