[No. 7157]

Colorado Springs and Interurban Railway Company v. Allen.

1. Contributory Negligence—*Proximate Cause*—The contributory negligence of plaintiff, to defeat his action, must be the direct and proximate cause of the injury of which he complains. An instruction to this effect does not import that such contributory negligence must be the sole cause of the injury, but merely that, but for the negligence of plaintiff, the injury would not have occurred.

2. Instructions—*Construction—To be Taken as a Whole*—A defective statement of the law in one point of the charge may be supplemented by what is contained elsewhere therein.

An instruction which is not misleading is not error, though in defining negligence it departs from the form approved in our decisions.

3. Passenger Carrier—*Duty to Passenger*—A corporation operating a street railway, is required, like other common carriers of passengers, to do all that human care, vigilance, and foresight, can reasonably accomplish, in view of the character and mode of conveyance adopted, to prevent injury to the passenger.

4. Appeals—*Harmless Error*—Action for an injury attributed to the negligence of the defendant. There was no complaint that the award made by the jury was excessive. The admission of medical testimony to establish the permanency of the injury was held harmless even if erroneous.

*Appeal from the El Paso District Court.*—Hon. J. W. Sheafor, Judge.

Messrs. Chinn & Strickler, for appellant.

Messrs. Orr & Cunningham, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

The plaintiff, appellee here, an unmarried woman thirty-eight years of age, brought suit in the district court of El Paso County, against the defendant, appellant here, a street railway company engaged in carrying passengers for hire. The complaint charged, in substance, that on or about the 3rd day of August, 1909, she was at the southeast corner of the intersection of Fifth and Colorado avenues in the city of Colorado City, at which time and place a street car of the defendant company, managed, operated and controlled by its employees, approached and stopped at that corner, a regular stopping place for its cars, to admit her for transportation to the city of Colorado Springs; that while the car was standing still she undertook to board it, and stepped upon the lower step of the rear platform, the ordinary means provided for admission of passengers to its cars; that when she was entering the car, with one foot upon the step, and was in the act of placing her other foot upon the platform of the car, the defendant company carelessly and negligently started the car with a sudden and violent jerk;

that she was then and thereby thrown from her balance backward with great violence upon and against the ground; that because of such carelessness and negligence of the company she sustained a fracture of the right femur bone, severe bruises and wrenches about the back and spine, and great mental and nervous shock; that since the date of injury she has been confined to a hospital; that she is permanently crippled and injured as a result of such negligence; that at the time of the injury she was in good bodily health and capable of earning $75.00 a month as a teacher, to which work, or any work whatever, she is informed and believes she will never be able to return; and that by reason of such negligence she has suffered damage to the extent of $15,750.00, for which amount and costs of suit judgment was prayed.

A demurrer to the complaint as amended was overruled. Defendant answered first by a general denial; and for a further and second defense, denied that the injuries alleged to have been received by the plaintiff, if any, were due to or owing to, or caused by any negligence or want of care or caution on its part, but were due to and caused by the default, omission and want of ordinary care and caution on the part of the plaintiff herself. The replication denies the averments of the second defense, and all allegations of new matter in the answer contained.

Upon trial, a jury found the issues for the plaintiff, and assessed her damages in the sum of $9,000.00, for which amount, with costs, after defendant's motion for a new trial had been overruled, judgment was entered. The defendant brings the case here for review by appeal.

The propositions urged for a reversal of the judgment relate chiefly to the giving of instructions and the admission of testimony. The first contention is that prejudicial error was committed in the giving of Instruction No. 5, which reads, in part, as follows;

"And as to the contributory negligence alleged by the defendant against the plaintiff, the like burden of proof is upon the defendant, and it must show, by a preponderance or greater weight of the evidence, affirmatively, unless it appears from the testimony of the plaintiff herself or her witnesses, that the plaintiff so contributed to the injuries sustained, if any, by her own act, to entitle the defendant to a verdict at your hands, and that such contributory negligence was the direct and proximate cause of the injury.

Counsel contend, in this connection, since a preceding instruction defined "proximate cause" as "that which, in a natural and continual sequence, unbroken by any new, independent cause, produced the injury complained of, and without which such injury would not have occurred," that to instruct the jury that it should find the contributory negligence of the plaintiff, if any, to be the direct and proximate cause of the injury, to entitle defendant to a verdict at its hands, was in effect to tell them that no matter how flagrant the contributory negligence of the plaintiff, it did not avail the defendant unless it was the proximate cause of the alleged injury. The term *proximate cause* as there used was entirely proper, and correctly stated a fundamental principle of law applicable to the case. "Proximate cause" is defined in *Words & Phrases*, Vol. 6, pages 5759-5760, as follows:

"The proximate cause of an injury may in general be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, which, had it not happened, the injury would not have been inflicted, notwithstanding the latter."

"The proximate cause of an injury, within the rule of law which relieves a defendant from liability where the contributory negligence of the plaintiff is the proxi-

mate cause of the injury, does not mean the sole and direct cause, but it includes all such acts or omissions as may have contributed to the injury complained of; and there may be more than one proximate cause.''

''To constitute a negligent act the proximate cause of the injury, it need not be the sole cause; but it is sufficient if it is the concurring cause, from which such a result might reasonably have been contemplated as involving the result under the attending circumstances.''

Thus used it is apparent that proximate cause is by no means equivalent to sole cause. In an action of this character it is no less essential to establish that the negligence of the plaintiff, if any, contributed directly and proximately to the injury complained of, to defeat recovery, than it is to establish that the negligence of the defendant, if any, was the sole, direct and proximate cause thereof, as a ground of recovery. Counsel say further: ''No matter how materially plaintiff's negligence may have contributed to the injury, she was entitled to a verdict under this instruction, if the defendant was also negligent.'' This assumption is wholly unwarranted. The instruction simply told the jury that in order to conclude that plaintiff, either by act or acts of omission or commission amounting to a want of ordinary care, so contributed to the injuries complained of as to disentitle her to a verdict, they must also find that such act or acts were in natural and continual sequence, without which the injury would not have occurred, unbroken by any new, independent cause producing it. This did not require, as counsel contend, that defendant establish, if it does not appear from plaintiff's case as made, that her negligence was the *sole,* direct and proximate cause of the injury; it merely requires the contributive act to be so directly and proximately connected with the injury that but for such act the injury would not have happened, which is a correct statement of the law applicable. The case of

*Colorado Central R. R. Co. v. Holmes,* 5 Colo., 197, 200, states the proposition as follows:

"The simplest rule applicable, deduced from the great mass of authorities, English and American, is stated quite clearly by Wightman, J., in *Tuft v. Warman,* 5 C. B. N. S. 584, in these words: "It appears to us that the proper question for the jury in this case, and indeed in all others of the like. kind, is whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary and common care and caution, that but for such negligence or want of ordinary care and caution on his part the misfortune would not have happened. In the first case the plaintiff would be entitled to recover, in the latter not; as but for his own fault the misfortune would not have happened; mere negligence or want of ordinary care and caution would not, however, disentitle him to recover, unless it were such that, but for that negligence or want of ordinary care and caution, the misfortune could not have happened; nor, if the defendant might, by the exercise of care on his part, have avoided the consequence of the neglect or carelessness of the plaintiff."

The same rule substantially was adopted by our own court in the case of *Western Union Telegraph Company v. Eyser,* 2 Colo. 141. Such, too, is the doctrine of the Supreme Court of the United States. *Railroad Company v. Jones,* 5 Otto [95 U. S.] 442 [24 L. Ed. 506].

Applying the rule to the case at bar, the questions to be determined are:

First. Was the injury occasioned entirely by the negligence or improper conduct of the defendant?

Second. Did the negligence or want of ordinary care and caution on the part of the plaintiff so far con-

tribute to produce the injury that otherwise the misfortune would not have happened?

Third. Might the defendant, by the exercise of care on the part of its servants, have avoided the consequences of the neglect or carelessness of the plaintiff."—*Griffith v. Denver Tramway Company,* 14 Colo. App., 504, 510. 61 Pac. 46.

Thompson's Commentaries on the Law of Negligence, Vol. 1, § 169, defines contributory negligence as follows:

"Contributory negligence, in a sound juridical sense, is the negligence of the plaintiff, or of the person on account of whose death or injury the action is brought, amounting to want of ordinary care, and proximately contributing to bring about the injury. The clear modern doctrine is that, in order to constitute such negligence as will bar a recovery of damages, these two elements must in every case concur: 1. A want of ordinary care on the part of the plaintiff, or, where the action is for damages resulting in death, a want of ordinary care on the part of the person killed; 2. A proximate connection between this want of ordinary care and the injury complained of."

The instruction assailed, though possibly subject to some purely technical or verbal criticisms, fairly states the law as laid down in the foregoing rule. And, in any event, whatever the instruction lacked, if it stated a partial, though to that extent a correct legal proposition, which is completed by further instruction into a full statement of the proper rule, prejudicial error may not be assigned. *Grant v. Varney,* 21 Colo. 329, 333, 40 Pac. 771. When read with other instructions given on this subject, this instruction afforded ample protection to the rights of the defendant. Instructions Nos. 8 and 9 supplement the one under consideration and complete and perfect it. They are as follows:

"Upon the question of contributory negligence you

are instructed that should you find from the evidence that the plaintiff, by her own act, contributed to the injuries which she sustained, if any, by the omission to do something necessary for her to do, for her own safety, or by the commission of some act without which the injury, if any, would not have been sustained, then in such case your verdict should be for the defendant.''

"The rule of law is, that where both parties are at fault, neither can recover, and you are instructed that if the plaintiff might, in the exercise of ordinary care, have avoided the accident to herself, you must find for the defendant, even though you should find that the defendant was guilty of the act of negligence complained of.''

The appellant contends further that, the evidence considered, the following instruction was misleading:

"6. The court instructs you that negligence has been defined as follows: The failure to observe, for the protection of the interests of another person that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. Negligence is never presumed, but must be proven by the evidence the same as any other fact.''

There is nothing in this case to which the rules generally applicable to cases of this character may not be applied. The instruction has been judicially sanctioned in other jurisdictions.—1 Thompson's Law of Negligence, § 1; *Downey v. Gemini Mining Co.*, 24 Utah, 431, 441, 68 Pac. 414, 91 Am. St. 798. While it is perhaps the better practice to follow the general form of definition used in the majority of our cases on this subject, it does not follow that reversible error is caused by the use of any other form if not misleading. Whether a definition in an instruction is better made by one technical form or another is not of vital or controlling importance. We are of opinion that the jury could not

have been misled by the definition given of the term "negligence," especially in view of other specific instructions precisely detailing the facts which must be found by them in order to create a liability against the defendant.

The real issues in the case are set forth in Instruction No. 10, and are there concretely stated and put before the jury for its findings, as follows:

"If you find and believe from a preponderance or greater weight of the evidence that the defendant carelessly and negligently started the car, which plaintiff was seeking to enter while it was standing still, and while the plaintiff had one foot upon the step, and while attempting to place her other foot upon the platform of the car, and that the same was started with a sudden and violent jerk, and that by reason of the same being so carelessly and negligently started, the plaintiff was thrown therefrom and onto the ground, and by reason of which she sustained injuries, and that said careless and negligent act of the defendant was the proximate and direct cause of the injuries sustained by the plaintiff, if she sustained any, then under such circumstances she is entitled to recover at your hands, provided she was not herself guilty of contributory negligence, as you have heretofore been instructed. Of course, if you find and believe that the defendant was not guilty of the act of negligence complained of, your verdict should be in its favor."

Under this clear and specific presentation of the issues it was practically impossible for the jury to have been misled by the definition of negligence of which complaint is made. By the above instruction it was incumbent upon the jury, from a fair preponderance of all the testimony, in order to return a verdict against the defendant, to find and determine that the defendant was careless and negligent as charged in starting

the car upon which the plaintiff was about to enter, and that such act was the proximate and direct cause of the injury to her; but not only this, it must also further find affirmatively that plaintiff herself was without fault and did not, either by negligent act of omission or commission amounting to want of ordinary care, contribute to such injury. The jury must have found on all of these propositions adversely to the defendant, else under the foregoing instruction no verdict against it was possible. In short, Instruction No. 10 was equivalent to telling the jury that in order to find against the defendant, it must find by the greater weight of testimony that its negligence was the sole, direct and proximate cause of the injury, and this was the very essence of the case.

Instruction No. 12, after telling the jury the conditions and circumstances which constitute one a passenger for hire and entitled to the care and protection which the law requires of carriers of passengers, which part of the instruction we deem unnecessary to consider upon the argument presented, contained this further statement:

"In this connection you are further instructed that the law imposes upon street car companies the same degree of care for its passengers as is imposed upon companies operating cars by steam."

The error urged is that the court failed to tell the jury what degree of care and protection the law imposes upon carriers of passengers for hire, leaving them to presume the degree of care and protection imposed by law upon companies operating cars by steam. This objection is answered by Instruction No. 13, wherein the jury were told, in substance, that common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, in view of the character and mode of conveyance, adopted to prevent accidents to

passengers; that the utmost degree of care which the human mind is capable of inventing is not required, but the highest degree of care and diligence which is reasonably practicable, under the circumstances of the case, is required. By this direction the duty of common carriers generally was aptly set forth and defined, and the degree of care and diligence to which they are held in law to exercise for the safety of their passengers was correctly stated; so that the objection now under consideration was thereby fully met and overcome.

Certain medical expert testimony was adduced on behalf of appellee, in the admission of which over objection it is claimed prejudicial error was committed. The sole and only effect of such testimony was to tend to establish the permanency of the injury and thus possibly increase the amount of the verdict. However, since no complaint was made that the verdict was or is excessive, and no attempt whatever was made by testimony to mitigate the damage, we do not feel constrained to hunt for error on this score, because in the present state of the record it could not possibly have been prejudicial.

Other errors urged are not deemed of sufficient merit or importance to warrant discussion. It appears from a full and careful examination of the record, that the legal rights of the defendant were safeguarded in every proper and legitimate way. The instructions stated the law fully and comprehensively, and there is abundance of evidence to support the verdict. Under such circumstances we are unwilling to permit mere technical errors, largely verbal at best and clearly affecting no substantial right, to work a reversal of a judgment which, upon the whole record, appears to be eminently fair and just, and it is therefore affirmed.

*Judgment affirmed.*

CHIEF JUSTICE MUSSER and MR. JUSTICE WHITE concur.