No. 18,740.

MATT SKOREY PACKARD CO. v. JOHN C. CANINO.
(350 P. [2d] 1069)

Decided April 11, 1960.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for plaintiff in error.

Mr. ANTHONY F. ZARLENGO, Mr. ROBERT D. INMAN, for defendant in error.

*In Department.*

PER CURIAM.

THE parties were aligned in reverse order in the trial court and will be referred to here as they appeared there.

Plaintiff, alleging negligence by defendant, commenced his action in the district court for damages for personal injuries sustained by him November 18, 1955, at defendant's garage premises at 1147 Broadway, in Denver. Trial was to the court resulting in judgment in plaintiff's favor for $12,500.00.

Defendant, for the purpose of this review, admits negligence on its part, does not question the nature or extent of plaintiff's injuries, nor the amount of the damages awarded, but contends as it did in the trial court, that plaintiff was guilty of contributory negligence which bars his recovery as a matter of law.

The accident occurred in the service department of defendant's garage when plaintiff called for his automobile about seven o'clock in the evening. He had purchased the automobile from defendant in the year 1954, the sale including inspection, greasing and other services until the car had been driven a certain number of miles. Plaintiff took the automobile to defendant's garage three or four times for such service. A few days before the accident, his wife had trouble with the car and defendant towed it to the garage for repair. The following day plaintiff telephoned the garage about the car and was promised that it would be ready the next afternoon. At the time appointed he went to the garage

but the car was not available. The garage manager told him to return that night when it would be ready, and that a salesman would admit him through the salesroom adjoining the service department. Conformably, he presented himself at the garage that evening; the salesroom was brilliantly lighted and a salesman was on duty. Plaintiff informed the salesman that he had come for the car. The salesman didn't seem to know anything about it, but upon plaintiff's assurance that the car was there, the salesman walked into the doorway between the salesroom and the service department with plaintiff following him. He did not turn on the lights. There was a small light, neither bright nor dim, hanging in the nearby parts department which shed light in the service department and some light came through a large rear window of the shop.

Plaintiff looked down the lane and saw the rear of his automobile which was among others in the shop. He said, "That is my car." The salesman answered, "Okay." Plaintiff, who had never been in the rear part of the service department, walked to his car about fifty feet away while the salesman turned in the opposite direction presumably to open the front door for plaintiff's exit. Plaintiff's automobile was resting on an unprotected open alignment pit in a dark corner. The pit was wider than the vehicle, extending out a few feet from each side. Plaintiff could see his way to the automobile, although he failed to notice a twenty-foot concrete ramp ahead of him leading to an exit at the rear of the garage. He did not see the pit and as he walked from the rear of his automobile to the left or driver's side to enter the vehicle, he fell into the pit and suffered serious injury to his left lower extremity.

The defendant urges for a reversal that plaintiff's action under the conditions existing when he was injured amounted to contributory negligence and the judgment should not be permitted to stand. Plaintiff counters that the judgment should be affirmed because "the find-

ings of the trial court should not be disturbed." Ordinarily this is a sound contention if the findings are supported by competent evidence. The corollary to plaintiff's argument is that if erroneous principles of law are applied to the facts, which we do not say is the case here, a judgment rendered under such facts will not be upheld on review.

The sole question presented for determination is whether upon this record plaintiff was guilty of contributory negligence as a matter of law.

■ In Colorado, contributory negligence has been defined as such acts or conduct on the part of a plaintiff but for which he would not have been injured; or, otherwise stated, negligence on the part of the injured person that so far contributed to the injury that without it the injury would not have occurred. *Kent Mfg. Co. v. Zimmerman,* 48 Colo. 388, 110 P. 187; *Carlson v. Millisack,* 82 Colo. 491, 261 P. 657. Negligence involves the violation of a duty or an obligation to another; contributory negligence does not affect a duty, but embraces an undue risk of harm to oneself. The true measure of conduct required of the plaintiff, is what would an ordinarily prudent person have done under the circumstances as they then appeared to exist. *Hogue v. C. & S. Ry. Co.,* 110 Colo. 552, 136 P. (2d) 276. The legal rule of conduct requires that the plaintiff, as well as the defendant, shall act as an ordinarily prudent person would do under like circumstances. In either case the act must be the proximate cause, or one of the proximate causes of the injury, to charge the defendant with negligence or the plaintiff with contributory negligence.

Applying the foregoing principles, was the plaintiff guilty of negligence which was a proximate cause of his injury?

■ The plaintiff was not wandering around in a place where he had no right to be. He had made advance arrangements with defendant to obtain his repaired automobile at the latter's establishment. Plaintiff was

in the defendant's hands at its place of business. He had never been in the rear portion of the service department and did not know that the alignment pit was there. He relied upon the defendant to provide him with a safe course to follow when he was given permission by defendant's employee to walk to his automobile. The service department was lighted sufficiently for plaintiff to identify his automobile among the others and to walk in a usual manner toward it. When he reached his automobile and walked to the left side of it the light was so inadequate that he did not see the alignment pit over which the vehicle was standing. The defendant's employee by permitting plaintiff to walk to the rear of the building without warning him of the dangers of the pit, into which he fell and was injured, had the effect of telling plaintiff to go ahead, that there was no danger. It was an invitation to plaintiff to proceed without apprehension of danger. Any ordinarily prudent person would be entitled to rely upon such appearance of safety. Plaintiff under such circumstances could not be charged with negligence. The defendant, after making arrangements with plaintiff to pick up his automobile at night, was negligent in leaving it in a dangerous position, permitting plaintiff to walk to the vehicle without turning on the lights of the service department, and in not warning plaintiff of the dangers of the alignment pit. The trial court absolved the plaintiff of any fault contributing to his injuries, and there being sufficient competent evidence to support such findings, they will not be disturbed.

The judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.