## No. 22499.

GERTRAUDE R. ROBERTS AND RALPH M. ROBERTS *v.*
THOMAS FISHER.
(455 P.2d 871)

Decided June 9, 1969. Rehearing denied July 14, 1969.

ALAN L. STERNBERG, GERALD M. MADSEN, for plaintiffs in error.

YEGGE, HALL, TREECE and EVANS, WESLEY H. DOAN, WILLIAM F. DRESSEL, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is a personal injury action in which plaintiff in error, Mrs. Roberts, was plaintiff in the trial court. We will refer to the parties by name or as they appeared below.

The action arose out of a collision on the sidewalk in a shopette between Mrs. Roberts who was on foot, and defendant, a minor, who was riding his bicycle. Plaintiff had exited from one of the stores and had taken a few steps across the walk in front of the store toward the parking lot. Defendant was riding a racing-type bicycle in the customary bent over position, and his speed was described variously as "medium speed" and "rather fast." It was not clear from the testimony what part of the bicycle struck plaintiff or whether she walked into the bicycle. She fell to the sidewalk after the collision and sustained injuries for which she sought damages. Plaintiff, Ralph Roberts, joined in the suit claiming loss of companionship and consortium and the services of his wife, and for loss of time from his employment while caring for Mrs. Roberts.

Trial was to the jury who returned a verdict in favor of defendant. Plaintiffs assigned as error (1) That the court erroneously instructed the jury on the issue of contributory negligence, and (2) The court erred in ad-

mitting a photograph taken from inside the store from which she had exited prior to the collision.

## I.

In the first assignment of error plaintiffs contend there was no evidence of conduct on the part of Mrs. Roberts warranting an instruction on contributory negligence, and that the court should have directed a verdict against defendant as being solely liable as a matter of law.

 Issues of negligence, contributory negligence and proximate cause are generally to be resolved by the trier of the facts, and it is only in the clearest of cases where facts are undisputed and reasonable minds could draw but one inference from them that the question of what constitutes reasonable care is one of law to be taken · from the jury and decided by the court. *Bates v. Stagg*, 157 Colo. 456, 404 P.2d 530. Another generally accepted proposition of law is that to authorize a recovery for the damages occasioned by the negligence of another the plaintiff must have exercised that reasonable degree of care to avoid the injury which an ordinarily prudent person would have exercised under like circumstances. *Behrens v. Kansas Pacific Railway Co.*, 5 Colo. 400.

With these principles in mind we find from the record that Mrs. Roberts testified that after leaving the check-stand but before stepping out on the sidewalk she looked through the window of the store to the sidewalk beyond before proceeding to leave the store. However, she did not look again to the south, the direction from which the bicycle was coming, after stepping through the store exit which was flush with the sidewalk. The evidence is ·conflicting as to the place of the collision. One witness said the defendant was riding close to the store. Mrs. Roberts, however, said that she took two or three steps across the sidewalk. The defendant said he was riding close to the edge of the sidewalk. The walk was ten feet wide and from the conflicting evidence the jury could have determined that the collision occurred more than three-quarters of the distance across the walk.

In Colorado, contributory negligence has been defined as such action or conduct on the part of the plaintiff but for which he would not have been injured; or, stated differently, it is negligence on the part of the injured person that so contributed to the injury that without such conduct the injury would not have occurred. *Kent Mfg. Co. v. Zimmerman*, 48 Colo. 388, 110 P. 187, *Carlson v. Millisack*, 82 Colo. 491, 261 P. 657. The general rule of conduct requires that plaintiff as well as defendant shall act as an ordinarily prudent person would under like circumstances. In either case the act must be the proximate or one of the proximate causes of the injury to charge the defendant with negligence or the plaintiff with contributory negligence. *Skorey Co. v. Canino*, 142 Colo. 411, 350 P.2d 1069. Thus the question raised, and which we think was properly submitted to the jury, was whether under the circumstances of this accident a prudent person would look about before stepping from the store to be sure that there would be no collision with some other occupant of the sidewalk. Mrs. Roberts was very explicit in her testimony that she exercised some of the prudence required, and that she took proper precautions by looking through the store windowfront *before* leaving the store. But she did not thereafter look when out of the store. The bicycle was there to be seen. Other testimony from Mrs. Roberts was that she was a regular customer of the shopping center and had often observed that children frequented the area on their bicycles. There was no sign prohibiting the riding of bicycles in the shopping center or on the sidewalk. We are of the opinion that the situation did not warrant a ruling as a matter of law that Mrs. Roberts did all and everything that a prudent person would or should have done for her own protection.

Similarly, the question whether defendant negligently operated his bicycle was also a proper subject for consideration by the jury. The sidewalk is privately owned and there are no signs posted on the premises

prohibiting bicycle riding. It is therefore not negligence per se or as a matter of law to operate a bicycle where defendant was. There is the additional factor that the defendant was only twelve years of age at the time of the collision. He testified that he was slowing his bicycle and about to alight therefrom at the time of the collision, and that he was unable to avoid Mrs. Roberts. *Schaffner v. Smith*, 158 Colo. 387, 407 P.2d 23 states:

"It is true that children of tender years are required to exercise only such care to avoid danger as may fairly and reasonably be expected from persons their age. *Krause v. Watson Bros. Transportation Co., Inc., et al*, 119 Colo. 73, 200 P.2d 387 (1948). If there is a fair doubt as to whether the minor is chargeable with negligence due to its [sic] age, the question should be submitted to the jury. *Colorado Utilities Corp. v. Casady*, 89 Colo. 156, 300 Pac. 601 (1931)."

We hold there was evidence relating to contributory negligence of the plaintiff and negligence of the defendant which created questions properly to be submitted to the jury.

## II.

The exhibit complained of by plaintiffs in their second assignment of error was a photograph from inside the store showing the view to the outside through the store glass window. The exhibit showed the window to be free from signs. Objection to admission of the photograph was on the ground that Mrs. Roberts recollected there were signs in the window on the day of the accident and, therefore, the exhibit did not depict the true picture of the situation on the day in question. It is additionally contended that the trial court committed error in commenting on the exhibit in the following manner: "The court would mention to the jury, as it did on the previous exhibits, that there is no evidence as to the existence or non-existence of signs in the windows on the day in question." Assuming, but not deciding it was error to admit the exhibit, we do not believe it was prejudicial

to plaintiffs. Mrs. Roberts testified that she looked through the window; that she could see the sidewalk area; and that there was no activity on the sidewalk to the south of the store, all of which conveyed to the jury that she was well able to see despite the signs which she recollected were there. In admitting the exhibit the court instructed the jury that they were to consider it as being limited only to showing the sidewalk in front of the store and the surrounding area.

The judgment is affirmed.

MR. CHIEF JUSTICE McWILLIAMS dissenting.

MR. JUSTICE LEE not participating.

MR. CHIEF JUSTICE McWILLIAMS dissenting:

I dissent because I disagree with the majority that it was proper for the trial court to submit to the jury the issue of contributory negligence on the part of the plaintiff, Gertraude Roberts. In my view there is *no* evidence upon which the jury, on any rational basis, could have found Mrs. Roberts guilty of contributory negligence. Hence, in my view the only issues that should have been submitted to the jury were the issues of the defendant's negligence and damages.

The majority conclude that the issue of contributory negligence somehow posed a disputed issue of fact which was to be resolved by the jury. This conclusion is apparently based on the premise that Gertraude Roberts was conceivably negligent because of: (1) her failure to maintain a sharp 360° lookout for 12 year olds riding racing bicycles *on the sidewalk*; or (2) her failure to either stop quickly or jump faster. I am completely unimpressed with this exceedingly tenuous line of reasoning.