No. 22865.

REDMAN & SCRIPP, INC. *v.* ARCHIE ORREN DOUGLAS.
(460 P.2d 231)

Decided November 3, 1969.

WILLIAM J. MADDEN, for plaintiff in error.

O. REX WELLS, SAMUEL L. ANDERSON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

REDMAN & SCRIPP, INC., hereinafter referred to as the plaintiff, as the owner of a leased truck made claim against one Archie Douglas, hereinafter referred to as the defendant, alleging that the latter's negligence had forced the truck off the highway and as a result thereof had caused damage thereto in the amount of $8,000. By answer the defendant denied liability. Trial was to the court, sitting without a jury, and culminated in a judgment for the defendant. By this writ of error the plaintiff now seeks reversal of the judgment thus entered.

Plaintiff urges reversal of the judgment on either of two grounds: (1) the findings of the trial court are inadequate as a matter of law; and (2) the trial court on the basis of the evidence before it erred in failing to find for the plaintiff as a matter of law. We shall consider these two points in inverse order.

Without detailing the evidence, which in this instance would serve no worthwhile purpose, the related issues as to whether the defendant was negligent and, if negligent, whether such negligence was a proximate cause of plaintiff's damage, were under the circumstances

of the case issues of fact and not issues of law. Hence, we find no merit to the argument that the trial court, sitting as the trier of the fact, was somehow compelled to find for the plaintiff.

Plaintiff also argues that the trial court's findings were internally inadequate as a matter of law. The trial court made certain oral findings from the bench immediately upon completion of closing argument. In so doing the trial court found that the plaintiff had failed to establish by a preponderence of the evidence that Douglas's conduct, "if negligent, . . . was the proximate cause of the injuries sustained by the plaintiff." (Emphasis added.)

 It is agreed that the relationship between plaintiff and the driver of its leased truck was such that as a matter of law any negligence on the part of the truck driver would not be imputed to the plaintiff. Such then being the admitted situation, the plaintiff argues that in order to prevail it only had to establish by a preponderance of the evidence that the defendant was negligent and that his negligence was a proximate cause of the accident; and that the trial court erred in casting on it the more onerous burden of establishing that the defendant's negligence was the proximate cause of the accident. The distinction between "a proximate cause" and "the proximate cause" becomes important, according to the plaintiff, because of the fact that the relationship between the plaintiff and the truck driver was such that the latter's negligence, if any, could not be imputed to the plaintiff. We agree.

 As we read the findings of the trial court, it did not make any finding as to whether the defendant was negligent. Rather, the trial court found that the defendant's conduct, "if negligent," was not the proximate cause of the plaintiff's damage. Since under the circumstances of this case all the plaintiff had to show was that the defendant's negligence was a proximate cause of its damage, these findings are inadequate as a matter of law. In a trial to the court findings which are inadequate as a matter of law cannot be upheld by us on review.

*Uptime Corporation v. Colorado Research Corporation,* 161 Colo. 87, 420 P.2d 232.

In thus reversing the judgment and remanding the matter to the trial court to make further findings it may well be that to some degree we are indulging in legal semantics. However, we are reluctant to finally resolve this matter when the trial court was conceivably proceeding on the erroneous premise that the plaintiff could only recover if it established that the defendant's negligence was the *sole* proximate cause of the accident. At best, the matter is unclear, and by our resolution of the case the point will be cleared up once and for all to the end that no party will remain uncertain.

The judgment is reversed and the cause remanded with the direction that the trial court on the basis of the record make a specific finding as to whether the defendant was negligent and should the trial court find that the defendant was negligent, then it should make a further finding as to whether such negligence was a proximate cause of plaintiff's damage. The trial court should then enter judgment in conformity with its findings.