## No. 23685.

PIONEER CONSTRUCTION COMPANY *v*. DORIS L. RICHARDSON.

(490 P.2d 71)

Decided November 1, 1971.

H. Myers Bumgardner, for plaintiff in error.

Kettelkamp and Vento, Wesley Kettlekamp, Jr., for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

This is a wrongful death action. The plaintiff in error was the defendant in the court below and will be referred to herein as defendant or as Pioneer. The defendant in error will be referred to as plaintiff or by name.

Plaintiff's husband, J. D. Richardson, was killed in the early morning hours of July 8, 1963, when the semi-trailer truck he was driving went out of control and left the southbound portion of U.S. Highway 85-87 (now Interstate 25) about 1½ miles south of the Monument interchange. The section of road in question was in the process of construction and repair by the defendant, which was the general contractor for this project. The accident occurred at approximately 1:30 a.m. while Richardson was enroute from Denver to Pueblo. At this time, the surface of the road was gravel. Richardson's truck left the southbound traffic lane, traveled through a windrow of gravel or loose sand on the left side of that lane, jackknifed across a 30-foot median strip, and overturned on the northbound lane of traffic, coming to rest on the opposite side of that lane. Richardson was killed almost instantly.

In her complaint, plaintiff contended that the defendant company carelessly and negligently maintained this portion of highway in a dangerous and unsafe condition and "carelessly and negligently failed to place suitable and sufficient warning signs, lights, barricades and

watchmen at or near the same to warn persons traveling on said highway." Plaintiff alleges that this negligence caused the accident and the ensuing death of her husband.

The case was tried to a jury. At the close of plaintiff's case, the judge granted defendant's motion for a directed verdict on the ground of insufficient evidence of negligence on the part of defendant, and judgment was entered for defendant. Plaintiff appealed that judgment to this court and we reversed and remanded for a new trial holding that there was sufficient evidence of negligence on the part of the defendant to warrant jury consideration. *Richardson v. Pioneer Construction Company,* 164 Colo. 270, 434 P.2d 403.

At the second trial, the defendant once again moved for a directed verdict, both at the close of plaintiff's case and at the close of all the evidence. The court denied both motions and the case was submitted to the jury. It returned a verdict for the plaintiff in the amount of $25,000, and judgment was accordingly entered for plaintiff. The defendant prosecutes this writ of error and urges that the judgment of the trial court be reversed on the basis of several claimed errors committed by the trial court. The record fails to reveal any reversible error, and therefore, we affirm the trial court's judgment.

I.

Defendant first argues that the trial court was in error in failing to direct a verdict for the defendant at the close of the evidence on the ground that plaintiff failed to prove any active negligence on the part of the defendant which could reasonably be construed to be the proximate cause of plaintiff's damages. Initially, we note that negligence is comprised not only of positive acts, acts of commission, but also of negative acts, acts of omission. The plaintiff alleged that defendant was guilty of both types of negligence in that he did the positive act of maintaining the road in a dangerous and unsafe condition, and at the same time did

258

the negative act of failing to adequately warn travelers of that dangerous condition.

■■ It is the often repeated rule in this state that the issue of negligence is a matter generally resolved by the trier of fact; it is only in those cases where the evidence is undisputed and where reasonable men could reach but one conclusion from that evidence, that the court is justified in usurping the function of the jury and directing a verdict for either party. *Richardson v. Pioneer Construction Co., supra; Lasnetske v. Parres,* 148 Colo. 71, 365 P.2d 250; *Yockey Trucking Company, Inc. v. Handy,* 128 Colo. 404, 262 P.2d 930; *W. Prosser, Torts* (3d ed.) Ch. 6, § 36.

■ A careful analysis of the record before us reveals that there was a great deal of testimony introduced by both sides on the issues of negligence and causation. The jury heard conflicting testimony about the general conditions of the section of road, to wit: the existence and location of chuckholes, the washboard condition of the road, the size and location of the windrow of gravel, the relative location of the truck, the physical condition of Richardson, the mechanical condition of the truck itself, and the existence and location of various warning devices and speed control signs. We hold that the trial court correctly denied the motions for a directed verdict because there was a significant amount of disputed testimony from which reasonable men could have drawn differing conclusions. The trial court properly submitted the case to the jury. In fact, there was more evidence introduced at this trial than in the first trial of this matter wherein we held that sufficient evidence existed to take the case to the jury. *See Blackburn v. Tombling,* 158 Colo. 369, 407 P.2d 337, wherein we held that on second review, where we have already considered the sufficiency of the evidence in the prior appeal, and where substantially the same evidence has been introduced, we will normally adhere to our prior determination.

## II.

Defendant's second argument is closely related to the first. He argues that the verdict arrived at by the jury was contrary to law and the evidence and that the verdict could only have been reached by conjecture and surmise as far as proximate causation is concerned. With this argument we do not agree.

In *Stout v. Denver Park & Amusement Co.*, 87 Colo. 294, 287 P. 650, we held that in the absence of conflicting testimony the determination of proximate cause is for the court. To this same effect is *Buckholz v. Union Pacific R.R. Co.*, 135 Colo. 331, 311 P.2d 717. Implicit in this rule, however, is the corollary proposition that if there is conflicting testimony and reasonable men might draw different conclusions from the testimony, the question of proximate cause is properly one for the jury.

The defendant argues that the question of proximate cause was not properly before the jury in this case because the additional testimony presented at the second trial "resolved the ambiguities" this court found in the evidence presented at the first trial. A careful reading of the record now before us indicates that rather than resolving the conflicts, the additional testimony has further complicated the question of proximate cause and has presented an even stronger case for jury consideration. The matters upon which conflicting testimony was presented were discussed in part I of this opinion. They are also operative in this context. The record discloses conflicting testimony upon which reasonable men could draw different conclusions as to the proximate cause of the accident. Neither the court nor the jury was bound to accept even the uncontradicted testimony, which defendant relies upon, as the gospel truth. We held in *Swanson v. Martin*, 120 Colo. 361, 209 P.2d 917, that a court, acting as fact finder, is not bound to accept a statement as true because there is no direct testimony contradicting it. This holding also applies to the jury when it performs the function of fact finder. *See also,*

*Lasnetske v. Parres, supra.* The court properly submitted the issue of proximate cause to the jury and we cannot say that the verdict reached by the jury is contrary to law and to the evidence, or that it is the product only of mere speculation or conjecture. It was the function of the jury to consider all of the evidence presented and give it the weight to which it was entitled in light of the credibility it attached to the witnesses, and to resolve the question of proximate cause.

## III.

Defendant next argues that it was error for the trial court to refuse to give defendant's proposed instruction No. 6 to the jury. This instruction read:

"You are hereby instructed that before Pioneer Construction Company can be held liable for any alleged defect in the roadway in question, if such defect did in fact exist, it must be shown that the Pioneer Construction Company either knew, or should have known, of the defect which caused the accident."

This instruction is a misstatement of the law and the trial court correctly refused to give it.

The standard of care required of independent contractors engaged in highway repair or construction was stated by this court in *Lewis v. LaNier*, 84 Colo. 376, 270 P.656. "It was the duty of the defendant to exercise due care — that is to say, such care as persons of ordinary care and prudence would have exercised — to warn the traveling public that the highway at that place was closed." *Blashfield Automobile Law & Practice* (3d ed.) Vol. 4, §162.1 states that a contractor engaged in building or repairing a road for a highway authority owes a duty to exercise ordinary care to protect motorists from injury as a result of the construction work. "Where motorists are authorized to use the road while it is in the course of construction or repair, the contractor is required to keep the road in reasonably safe condition for those using it."

When an independent contractor is actively engaged in repairing or rebuilding a section of road, and is

in control of the work and the section of road under construction, he is chargeable with knowledge of the condition of that road and of any defects which might occur by virtue of the work he is performing on it.

 The only general requirement of actual or constructive notice we have found, arises when a *public* entity is involved, and then there must be notice in order to hold the public entity liable. However, even this notice requirement is excused where the dangerous condition was created or maintained by the public entity itself. 39 Am. Jur. 2d *Highways* §411. When an independent contractor is performing the work, notice of defects is not required. 39 Am. Jur. 2d *Highways* §412.

The cases cited by defendant in support of his proposition are clearly distinguishable. The first group of cases deal with the situation where a public entity was either doing the work or was in control of the highway. These have already been discussed. The second group of cases are what are commonly referred to as the supermarket cases. In these cases, actual or constructive notice of a defect or unsafe condition was required in order to hold the defendant liable for injuries thereby caused. The defects in these cases are also those which may be referred to as non-apparent defects. The aisle of a mercantile establishment is not analagous to a roadway while under repair or construction. In fact, were repair work being done in a store which caused a dangerous or unsafe condition to exist, the store owner could be held liable to a customer who suffered injury because of the defect or dangerous condition. *W. Prosser, Torts* (3d ed.) Chap. 11, §61. In such a situation, the duty owed to the users of the store aisle would be quite similar to the duty owed to users of a highway while it is being constructed or repaired.

The contractor is chargeable with knowledge of any defects or unsafe conditions by virtue of the fact that he is performing the work and is in control of the roadway.

 In his answer brief, plaintiff asserts that the

question of the jury instruction is improperly before this court as defendant did not preserve an objection to the refusal at any point in the proceedings. However, the record discloses that defendant did lodge an objection to one of the court's instructions on the basis that it deleted any mention of notice. Such objection was sufficient to preserve defendant's objection on the issue of notice and that issue is a proper one to be considered on this review.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.