## No. C-1246

**Claimants in the Matter of the Death of Douglas Garner v. Vanadium Corporation of America, et al. and State Compensation Insurance Fund**

(572 P.2d 1205)

Decided December 12, 1977.                    Rehearing denied January 9, 1978.

Traylor, Palo, Cowan & Arnold, Charles J. Traylor, David L. McKinley, for petitioners.

Robert S. Ferguson, James A. May, for respondent Vanadium Corporation of America.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, for respondent State Compensation Insurance Fund.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This is a workmen's compensation proceeding brought by dependents of Douglas Garner, a uranium miner who died from lung cancer caused by on-the-job radiation exposure. The court of appeals[1] set aside the Colorado Industrial Commission's order which had allowed recovery and certiorari was granted. We reverse.

The decedent, who died in 1963, had worked in several Colorado uranium mines throughout the period 1940-1955. He then worked an additional eight years in Utah uranium mines before his death. His Colorado employment caused 2,014 working level months (W.L.M.) of radiation exposure. His Utah employment caused 360 W.L.M. Thus, the Colorado employment constituted about 85% of his total radiation exposure. It is undisputed that his lung cancer was caused by radiation exposure.

Petitioners filed workmen's compensation claims in both Utah and Colorado. The Colorado claim was held in abeyance pending determination of the Utah proceeding. The Utah claim was denied, and the Utah Supreme Court affirmed its denial, on the ground that the claimants had failed to prove that the Utah exposure, rather than the Colorado exposure, had caused the cancer and resulting death. *Garner v. Hecla Mining Co.*, 19 Utah 2d 367, 431 P.2d 794 (1967).

After the Utah litigation, the Colorado Industrial Commission conducted several hearings on the Colorado claim. The commission found that the decedent had suffered injurious radiation exposure in both his Colorado employment and his Utah employment, but that his last injurious exposure occurred in Utah. Nevertheless the commission concluded that the last Colorado employer was liable under the Colorado Workmen's Compensation Act C.R.S. 1963, 81-1-1, *et seq*. The court of appeals reversed, holding that the petitioners could not recover because the last injurious employment was outside Colorado. We do not agree.

---

[1] *Vanadium Corp. of America v. Garner*, 39 Colo. App. 207, 565 P.2d 964 (1977).

The applicable portion of C.R.S. 1963, 81-18-13(1),[2] provides:
"Where compensation is payable for an occupational disease, the *employer in whose employment the employee was last injuriously exposed* to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier." (Emphasis added.)
The sole issue here is whether the employer upon whom this statute imposes sole liability is the last employer *in the state of Colorado*, or the *last employer* in point of *time* alone, without regard to whether the last injurious employment occurred inside or outside Colorado.

The respondents urge, and the court of appeals held, that the legislature intended to impose liability on the last employer in point of time, but that this can be accomplished only if that last employer was a Colorado employer. Here the record indicates that the decedent was exposed to radiation in Colorado for over fifteen years, and incurred about eighty-five percent of his total exposure here. Moreover the record indicates that his cancer probably was initiated by the Colorado exposure. Nevertheless, the interpretation urged by the respondents would deny recovery. We conclude that the legislature did not intend such a result.

■ Since the act under consideration is a Colorado statute designed to deal with Colorado problems, it is clear that "employer" as used in section 81-18-13(1) cannot subject to liability an out-of-state employer even when it is the last "employer." It would have been futile for the Colorado General Assembly to have provided that the last employer in time, no matter in what state located, "shall alone be liable," if it intended to refer to out-of-state employers over which it had no jurisdiction. Thus a reasonable reading of the act leads to the conclusion that "employer" means, *prima facie*, "Colorado employer." The only pertinent cases from other jurisdictions reach the same conclusion. *Smith v. Lawrence Baking Co.*, 370 Mich. 169, 121 N.W.2d 684 (1963); *Russell v. Union Forging Co.*, 30 App. Div.2d 713, 291 N.Y.S.2d 24 (1968); *Hamilton v. S. A. Healy Co.*, 14 App. Div.2d 364, 221 N.Y.S.2d 325 (1961). *See also Wagner v. LaSalle Foundry Co.*, 345 Mich. 185, 75 N.W.2d 866 (1956) (dissenting opinion). *See generally* 4 *A. Larson, Workmen's Compensation Law* §95.22 (1977).

■ Moreover, a contrary result would not comport with the long-recognized rule that the Workmen's Compensation Act is to be liberally construed to accomplish its humanitarian purpose of assisting injured workers and their families. *James v. Irrigation Motor & Pump Co., Inc.*,

---

[2]C.R.S. 1963, 81-18-13(1) was in force at the time of death and is therefore applicable to this case. *Tucker v. Claimants in Death of Gonzales*, 37 Colo. App. 252, 546 P.2d 1271 (1975).

180 Colo. 195, 503 P.2d 1025 (1972). Clearly the overriding legislative purpose in enacting the statute now before us was that this kind of industrial illness claim be compensated. The method of determining which of several employers should pay a particular claim was obviously a secondary consideration.

■ Absent a clear legislative directive, we will not construe the act to cut off recovery where an employee has left Colorado after having incurred substantial injurious exposure to hazardous conditions here. Such a construction would deprive a worker who had been subjected to years of injurious exposure in Colorado of all rights to Colorado compensation if, for example, economic conditions forced him or her to move to another state to find similar employment. *See Wagner v. LaSalle Foundry Co.* (dissenting opinion), *supra*, followed in *Smith v. Lawrence Baking Co., supra.* In cases such as this one, if the state to which a worker moved also denied compensation, he and his survivors would be denied *all* recovery, on the happenstance of the last employer's location beyond a state boundary, a factor unrelated to risk or duration of exposure. Such a rule would fly in the face of the modern-day mobility of the work force.

As we conceive the issue, it is one of causation. The general assembly, as a matter of policy, has assigned *total* responsibility to the employer who last exposed the worker to harm, and that employer must pay the entire loss including any portion actually inflicted by previous employers whether inside or outside Colorado. If *prior* exposure outside Colorado may be disregarded in assigning liability to the *last* employer, we see no logical reason why later exposure while outside Colorado may not also be disregarded. The result, seemingly harsh in its requirement that one employer pay for portions of the loss caused by others, is not unlike the usual rule of proximate cause in tort cases. That familiar rule saddles one of several tortfeasors, each of whom was a substantial factor in bringing about the loss, with paying the entire loss caused by all.[3] There, as here, the law favors a prompt, efficient remedy for the injured person.

■ Therefore, we hold that C.R.S. 1963, 81-18-13(1), when considered in light of the purpose and intent of the entire Workmen's Compensation Act, must be read to refer to the last *Colorado* employer when it designates the employer who shall be liable.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded with directions that the Industrial Commission's order be reinstated.

---

[3] *Roberts v. Fisher*, 169 Colo. 288, 455 P.2d 871 (1969); *Matt Skorey Packard Co. v. Canino*, 142 Colo. 411, 350 P.2d 1069 (1960); *Reaves v. Horton*, 33 Colo. App. 186, 518 P.2d 1380 (1973), *aff'd in part and rev'd in part on other grounds*, 186 Colo. 149, 526 P.2d 304 (1973); *Colo. J. I.* 9:1, 9:26.

MR. JUSTICE GROVES does not participate.