Hazel Kay **LOVELESS,** Widow of Benjamin L. Loveless, **Plaintiff-Appellant,**

v.

**CITY OF AURORA,** a municipal corporation, and **Steven L. Lines,** **Defendants-Appellees.**

No. 78–292.

Colorado Court of Appeals, Div. III.

Nov. 8, 1979.

Rehearing Denied Dec. 6, 1979.

Certiorari Granted March 10, 1981.

George A. Hinshaw, Morton L. Davis, Aurora, for plaintiff-appellant.

Wesley H. Doan, P.C., Michael P. Bahr, Wood, Ris & Hames, Eugene S. Hames, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiff brought this action seeking damages for the wrongful death of her husband. Following trial, an adverse judgment was entered pursuant to a special verdict. Plaintiff appeals and we reverse.

The events leading to the death of plaintiff's husband are not disputed. In response to plaintiff's telephone report of a dispute with her husband and request for assistance, the Aurora Police Department dispatched two police officers to plaintiff's home. Upon their arrival a neighbor told them that she had heard shots coming from

the home. The officers heard more shots as they got out of their patrol car. One officer, defendant Lines, allegedly in violation of police department regulations, burst through the front door instead of waiting for back-up help.

Lines confronted the decedent who was armed with a shotgun, and ordered him to drop the weapon. The decedent did not comply, but rather began to turn the shotgun at Lines. Lines pulled the trigger of his revolver, but it misfired. He again ordered that the decedent drop the shotgun. The decedent continued to turn and the officer pushed the weapon aside. The shotgun discharged without harming the officer, who then shot the decedent in the chest with his now functioning revolver. The wound resulted in the death of plaintiff's husband.

In submitting the case to the jury, the court gave the usual comparative negligence special verdict form, *Colo.J.I.* 9:32 (1976). The jury answered the questions on the form as follows: Defendant Lines was negligent, but his negligence was not a proximate cause of the death; the decedent was negligent and his negligence was a proximate cause of his death. Because of the finding that Lines' negligence was not a proximate cause of the death, the jury made neither a determination of damages nor an apportionment of negligence.

Under the facts of this case, it is difficult to ascertain the conduct of the police officer that could be characterized by the jury as negligent. However, the determination of whether Lines' conduct did constitute negligence was one for the jury. *Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928 (1969). Accepting the jury conclusion that Lines was negligent, we are unable to harmonize its conclusion that the negligence was not a proximate cause of the death.

In an oft-quoted definition, proximate cause has been said to be "that which, in natural and continuous sequence, unbroken by an efficient, intervening cause, produced the result complained of and without which the result would not have occurred." *Stout v. Denver Park & Amusement Co.*, 87 Colo.

294, 287 P. 650 (1930). If, as the jury found, Lines was negligent in breaking into the home and not waiting for assistance, knowing that he was dealing with an armed man whose weapon he had heard discharge, we conclude that his acts, without any intervening cause, produced the result of decedent being shot, and had it not been for Lines' breaking in "the result would not have occurred." While the decedent's acts ultimately contributed to his death, they cannot be said to be such an intervening cause as to constitute the sole proximate cause of the death. *See Restatement (Second) of Torts* § 443. *Cf. Calkins v. Albi*, 163 Colo. 370, 431 P.2d 17 (1967).

Consequently, the two questions on the special verdict form relating to Officer Lines' conduct having been answered in an internally inconsistent manner, the case must be retried.

If, on retrial, exhibits are offered setting forth regulations of the Aurora Police Department covering situations pertinent to the one that occurred here, the exhibits should be received and instructions relating to them should be given. *See DeLong v. City & County of Denver*, 34 Colo.App. 330, 530 P.2d 1308, *aff'd*, 190 Colo. 219, 545 P.2d 154 (1976).

Plaintiff's other contentions of error are without merit.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and VAN CISE, JJ., concur.