[Civ. No. 19637.   Second Dist., Div. Three.   Nov. 24, 1953.]

PAUL DE YO, Appellant, v. ANTONIO UMINA et al., Respondents.

Lynch & Reilly for Appellant.

Sampson & Dryden for Respondents.

SHINN, P. J.—Plaintiff's automobile collided with a parked truck of defendants. In this action for damages plaintiff appeals from an adverse judgment in a jury trial.

Gerhart Street, in the county of Los Angeles, is 100 feet wide, and runs north and south. It is divided into two paved

roadways, each 35 feet wide, by a 30-foot center strip, which is planted with trees and grass and bounded by curbs.

On August 4, 1952, at about 11:30 p. m. defendant Antonio Umina parked a flat-bed truck on the east side of the westerly roadway of Gerhart Street, facing south, parallel with the dividing strip, and with the left front wheel touching the westerly curbing of the strip. All lights were extinguished, and the ruby reflectors mounted on the rear of the truck were caked with dirt so that they did not reflect the lights of a police car focused on them from a distance of 40 feet.

At about 2:20 the following morning, plaintiff's passenger car collided with the right rear portion of defendant's truck. Plaintiff, who was driving alone, suffered serious injuries, including damage to his brain resulting in a partial amnesia which prevented him from remembering anything that had occurred immediately preceding the accident. The evidence indicated that immediately prior to the collision plaintiff had been driving south in the left hand portion of the west roadway. There was no eyewitness to the accident.

The principal question is whether the jury was properly instructed to the effect that it was the duty of a motorist traveling south on the west roadway of Gerhart Street to keep on the right or west half of the roadway. If the code made it the duty of motorists to travel on the right half of the roadway in question defendant violated the law when he parked his truck against the left curb of the roadway, and it was a question for the jury whether plaintiff was driving unlawfully when he collided with defendant's truck. Defendant contends that plaintiff was required to drive on the right half of the roadway, and in so contending, necessarily concedes that he parked his truck unlawfully. (Veh. Code, § 525.)[1]

---

[1] "Drive on Right Side of Roadway—Exceptions. (a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

"(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement.

"(2) When placing a vehicle in a lawful position for, and when such vehicle is lawfully making a left turn.

"(3) When the right half of a roadway is closed to traffic while under construction or repair.

"(4) Upon a roadway designated and signposted for one-way traffic.

"(b) The State Department of Public Works shall by regulation determine a distinctive roadway marking which shall indicate no driving over such marking, and is authorized either by such marking or by signs and markings to designate any portion of a State highway where the volume of traffic or the vertical or other curvature of the roadway renders

Defendants requested instructions which, after modification by the court, were given as follows:

(1) "In the State of California we recognize what is known to the law as the defense of contributory negligence. If you find, under the evidence, that the defendant was negligent in the manner in which he parked his truck, and if you further find that the plaintiff violated the law with relation to driving on the right hand side of the street, and if you find that such violation constituted negligence, and you further find that such negligence on the part of the plaintiff proximately contributed in any degree, no matter how slight, to the happening of the accident, and you further find that all of said facts were proven and established by a preponderance of the evidence by the defendants, then the plaintiff would be subject to the rule of contributory negligence and your verdict should be for the defendants on the issue of contributory negligence."

(2) "Section 525 of the Vehicle Code of the State of California reads in part as follows: 'Drive on Right Side of Roadway. Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway.'" Plaintiff urges two criticisms: (1) He was not required to stay on the right half of the roadway at all; and (2) if he was required to do so under normal conditions, the court should have stated the conditions that would have excused him for being on the left half.

It is quite necessary that motorists should know whether they must travel on the right hand half of roadways of divided highways which are not *designated* and *signposted* as one-way streets, except when passing, or preparing to make a left-hand turn or when the right hand half is obstructed. As we shall see, an inadequate understanding of the law could lead one into the mistake of regarding such roadways as one-way

---

it hazardous to drive on the left side of such marking or signs and marking. When such markings or signs and markings are in place, the driver of a vehicle shall not drive along the highway to the left thereof, but this shall not prevent turning to the left across any such markings at any intersection or private driveway.

"(c) It is unlawful to drive any vehicle upon any highway which has been divided into two or more roadways by means of intermittent barrier or by means of a dividing section of not less than two feet in width delineated by curbs, lines or other markings on the roadway except to the right of such barrier or dividing section, or to drive any vehicle over, upon, or across any such dividing section, or to make any left turn or semi-circular or U-turn on any such divided highway, except through an opening in such barrier designed and intended by public authorities for the use of vehicles or through a plainly marked opening in such dividing section."

streets upon which traffic could proceed as freely on one half of the street as upon the other.

Gerhart Street is a highway divided into two roadways. Each roadway is for one-way traffic as required by section 525(c) by reason of the dividing strip. It was not otherwise designated and was not signposted as a one-way street. Other roadways may be converted into one-way streets by being designated and signposted as such, even though they are not roadways of a divided highway. (Veh. Code, §§ 459, 465.) One-way city streets made such by local authorities are examples. ■ The requirement of section 525 that vehicles be driven on the right half of roadways applies to all roadways other than those specifically excepted, and there is no exception of roadways that are created by the division of a highway. Section 525(a)(4) sets up a special class of roadways consisting of those that are designated and signposted for one-way vehicular traffic. These are referred to as one-way streets as distinguished from roadways of divided highways. (Veh. Code, § 529.) ■ On one-way streets, namely, streets designated and signposted as such, vehicles need not comply with the general requirement that they be driven on the right half of the roadway. No vehicle shall be operated or moved thereon in a direction opposed to that indicated by such description or signpost. (Veh. Code, § 604.) Another class of roadways, of which Gerhart Street is an example, consists of those that have been or may be created by the division of highways as described in section 525(c), and which are not designated and signposted for one-way traffic. ■ On the signposted one-way streets the left half may be used in the same manner as the right half. On roadways of a divided highway that are not signposted as such the right half is for general traffic and the left half is for faster moving vehicles in the act of passing. ■ The division of a highway into two roadways does not automatically make each of them a one-way street within the fourth exception stated in section 525(a). If it is desired to do away with the requirements for driving on the right half of the roadway this may be done by appropriate signposting.

We know from experience that there exist many through highways designed to accommodate heavy, fast moving traffic that have been divided into separate roadways and also many one-way streets, especially in municipalities. To these the fourth exception of section 525(a) has been made applicable

by means of designating and signposting. Also there are many highways which have been divided into roadways of normal width and which, although restricted to one-way traffic, have not been signposted as such. The Legislature has not seen fit to include these roadways in the exception found in section 525(a). We see a logical reason for this in view of the requirement of section 525.1 that vehicles traveling at less than normal speed of traffic on the highway shall be driven in the right hand lane or as close as practicable to the right hand edge or curb, except as provided in section 525. The left half of the roadway is rendered more available for faster moving traffic.

Since the west roadway of Gerhart Street was not signposted as a one-way street, and no part thereof was closed to traffic, vehicles were required to be driven on the right half except when passing another vehicle or preparing to make a left hand turn.

The court also instructed that from the testimony of plaintiff that because of his injuries he was unable to recall any of the circumstances of the accident, a presumption arose that he was not negligent and was obeying the law. Plaintiff contends that it was therefore to be presumed that he was driving on the left hand side of the road lawfully, that is to say, that he was passing another vehicle or preparing to make a left hand turn. He says the omission of the exceptions from the instruction deprived him of the benefit of the presumption and was, in effect, an instruction that he was driving in violation of law. The point is well taken. The presumption was evidence. There was no direct evidence that plaintiff was not passing another car or preparing to make a left hand turn. Had the verdict been in favor of plaintiff the presumption, itself, would have constituted substantial evidence that he was driving lawfully, which could mean only that some condition existed which legally justified his being on the left hand side of the road. (*Westberg* v. *Willde*, 14 Cal.2d 360 [94 P.2d 590] ; *Douglas* v. *Hoff*, 82 Cal.App.2d 82 [185 P.2d 607] ; *Wahrenbrock* v. *Los Angeles Transit Lines*, 84 Cal.App.2d 236 [190 P.2d 272].)

We are of the opinion that the court erred in reading only a portion of section 525 and that the error was prejudicial. Under the instructions the jury was bound to find that defendants were negligent in leaving their truck parked at the left hand curb. A colloquy occurred between the court and a juror when the jury was brought in pursuant to their

request for an explanation of the instructions. The jury asked for enlightenment as to their duty if both plaintiff and defendant were found to have been negligent and for further instructions as to proximate cause, which the court gave. The verdict can be accounted for only on the theory that plaintiff was found to have been guilty of a violation of law and hence of contributory negligence. It is not improbable that the verdict would have been different had the jury been properly instructed.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 10, 1953, and respondents' petition for a hearing by the Supreme Court was denied January 20, 1954.