No. 21894.

CITY OF AURORA, A MUNICIPAL CORPORATION *v.*
HELEN V. WOOLMAN.
(439 P.2d 364)

Decided April 8, 1968.

WOOD, RIS & HAMES, MICHAEL LUDWIG, for plaintiff in error.

YEGGE, HALL, TREECE and EVANS, WESLEY H. DOAN, ANDREW H. HITCHCOCK, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error City of Aurora, a municipal corporation, hereinafter referred to as Aurora or as defendant, seeks here to reverse a judgment entered against it in favor of Helen V. Woolman, hereinafter referred to as Woolman or as plaintiff.

Woolman brought an action to recover damages for injuries sustained by her in a one-car accident in the City of Aurora. She contended that her car was thrown headlong into a ditch by the cave-in of a portion of the street as she was driving upon it at night. The evidence showed that on the night before, a fire hydrant near the area which had collapsed had been turned on by unknown parties. Woolman contended that the water had washed out a portion of the road underneath the pavement and had thereby created a latent danger of which she was totally unaware. She contended that the wash-

out caused the pavement to break, as a result of which the accident occurred.

Aurora contended that, in fact, there was no undercutting of the pavement by the water. It was also Aurora's position that it had placed proper warning barricades near the scene of the accident, and that, in any event, Woolman was aware of the danger and was therefore contributorily negligent. Aurora's evidence established that Woolman lived just across from the area where the accident had occurred; that her son told her of the water flowing across the road; and that she had driven past the washout several times during the daylight hours of the day on which the accident happened.

Aurora contends here that the trial court committed reversible error (1) in refusing to dismiss the action at the close of plaintiff's case; (2) by giving instructions with regard to contributory negligence which Aurora claims are erroneous; (3) by giving instructions 8, 9, 12, which Aurora claims erroneously delineated the responsibility of the City with respect to its duty to keep its streets reasonably safe for those who use them; (4) in failing to give a tendered instruction with respect to Woolman's duty to choose a safe route rather than an unsafe route; and (5) in giving an instruction on permanent disability not supported by any evidence.

I.

The reporter's transcript in this case, containing over 1,000 folios covering three days of trial, presents a picture of sharp conflict in the evidence concerning the condition of the street and the position of the barricades, if any there were. Moreover, reasonable persons could, under the circumstances of this case, have drawn sharply different inferences with respect to the questions of Woolman's knowledge of the dangerous condition of the street, if it was dangerous, and whether she was contributorily negligent.

The plaintiff clearly made a prima facie case, and the issues to be resolved were properly left to the jury.

## II.

Aurora maintains that the trial court's instructions concerning contributory negligence were improper in that they left the jury with the impression that contributory negligence consisted of conduct on plaintiff's part wherein she failed to "exercise, for the protection of *others,* the care and caution that would be exercised by an ordinarily prudent person under the same circumstances." (Emphasis added.) It contends that the jury should have been advised that Woolman had a duty to protect herself as well as others, and that a failure to do so which contributed to the accident would constitute contributory negligence.

While the instructions given were not models of rhetorical excellence, nevertheless, the jury was also told that a failure to do what an ordinarily careful and prudent person would have done under the circumstances of the case, or the doing of what an ordinarily prudent person would not have done under the circumstances of the case, constituted negligence as that term was thereafter used in the instructions. We think this sufficiently advised the jury of the meaning of the term negligence as it was later used in the contributory negligence instructions.

## III.

Aurora's assertion that instructions 8, 9 and 12 improperly instructed the jury with respect to the City's duties to those using its streets is, we hold, meritorious. The City is, of course, under a duty to maintain its streets in a reasonably safe condition for travel and is liable for any injury occasioned by a neglect of this duty. *Grant Co. v. Casady,* 117 Colo. 405, 188 P.2d 881. This duty may be satisfied in one of two ways. When the City knows or, in the exercise of reasonable care, should know of a defect or dangerous condition in its streets, it must either (1) repair or remedy the defect, or (2) exercise reasonable care to give adequate warning of the existence of the condition to the users of its streets.

■ Instructions 8, 9 and 12, as given by the trial court, when read together, advised the jury that in the event the City was excused from giving proper warning by reason of the plaintiff's knowledge of the condition, yet, the City was not excused from its duty to make the street safe. At best, the instructions here contained an internal conflict; and at worst they, in effect, set forth that the duty of the City was to both warn and repair, or be held liable. The instructions were therefore erroneous and require reversal of this case.

## IV.

■ Aurora also complains because its instruction concerning the duty of one injured to choose a safe route as against an unsafe route was refused by the court. The trial court properly refused the instruction. As presented, the tendered instruction did not contain the provision that plaintiff knew or should have known that the chosen route was unsafe. Such a provision is necessary in any instruction attempting to assess fault for failure of an actor to choose a safe route as against an unsafe route.

## V.

■ Our examination of the evidence convinces us that there was evidence to support the instruction permitting recovery for impairment of Woolman's "capabilities for the future." There was copious testimony as to Woolman's capabilities to lead a normal life as a mother, and wife, and engage in the normal family activities in the future. There was no claim for loss of earnings, and it is perfectly clear that the jury was not misled concerning the loss of "capabilities" for which compensation was being sought. We cannot deal with pinpoint definitions of every word contained in instructions. Upon review, instructions must be read to convey normal meanings to juries in the context of the case in which they are given. Viewed in that light, the instructions we are concerned with here were proper.

The judgment is reversed and the cause remanded for

a new trial in accordance with the views expressed herein.

Mr. Justice McWilliams not participating.