No. 22206.

Betty K. Lewis, and Bruce M. Lewis, and Timothy J. Lewis, by their mother and next friend, Betty K. Lewis *v*. Great Western Distributing Company of Borger, Inc., a Texas corporation, and Paul W. Wood.
(451 P.2d 754)

Decided March 17, 1969.     Rehearing denied April 7, 1969.

KRIPKE, HOFFMAN & FRIEDMAN, JIM R. CARRIGAN, for plaintiffs in error.

ZARLENGO, MOTT and CARLIN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE parties are here aligned in the same order as they were in the trial court and we will therefore refer to them as plaintiffs and defendants.

Because of the limited issues involved in this writ of error — directed to an allegedly inadequate verdict in a "wrongful death claim" — details of the accident in which the husband and father of the plaintiffs was killed need not be set forth. Suffice it to say that the plaintiffs characterized the evidence on the question of liability

as "a clear schism of factual and expert testimony which left the jury to determine the liability on the basis of credibility of the witnesses." The defendants in their brief state, "We do not say that defendants were entitled to a directed verdict of dismissal on the basis of the testimony. We do say, however, that the weight of the evidence, both lay and expert, preponderated very heavily in favor of the defendants and against the plaintiffs."

█ On the sharp division of the contending parties as to the liability, the jury returned a verdict in favor of the plaintiffs and against the defendants in the sum of $11,250. Therefore, in our opinion, the issue of liability has been determined, and we address ourselves to the question of whether the judgment entered on the jury verdict should be set aside.

In their summary of argument the plaintiffs urge: (a) that we find as a matter of law that the verdict is grossly inadequate; (b) that we remand the cause with directions that the trial court enter judgment in favor of the plaintiffs and against the defendants in the amount of $25,000, the statutory limit of recovery; or in the alternative grant a new trial on the issue of damages alone.

The question first to be determined before we fashion the remedy is whether as a matter of law the trial court should have set aside the verdict as being grossly inadequate. It is argued that the evidence on the question of damages is undisputed — the plaintiff widow was not even cross-examined thereon — and that every inference that could be drawn by reasonable men as to the loss this family suffered in the death of their husband and father would result in a verdict considerably in excess of that returned by the jury.

█ As to the evidence on damages, the deceased was shown to be on the date of his death a young man in excellent health, earning $12,000 per year. He was a devoted family man and his earnings after taxes were spent entirely on the maintenance of his home and for

family obligations. The plaintiff wife and the two minor children were solely and wholly dependent upon the decedent for support. At the time of the trial, decedent had a life expectancy of slightly in excess of thirty years. The widow had a life expectancy of thirty-two years and the children were fifteen and ten years old respectively. The jury was instructed correctly on the measure of damages, familiarly known as the "net pecuniary loss rule." This rule has been enunciated by this court and reiterated in the following cases: *Kogul v. Sonheim*, 150 Colo. 316, 372 P.2d 731; *Herbertson v. Russell*, 150 Colo. 110, 371 P.2d 422; *Lehrer v. Lorenzen*, 124 Colo. 17, 233 P.2d 382; *Pierce v. Conners*, 20 Colo. 178, 37 P. 721.

It is apparent from the verdict that the jury did not properly apply the net pecuniary loss instruction or give due consideration to all the elements of damages reiterated therein. The widow had incurred burial expenses of approximately $2,000. At the time of the trial the three plaintiffs had been without the support of the decedent for more than three and a half years. Any reasonable apportionment of his pay after taxes which the three plaintiffs would have received for their support in the three and a half years would exceed the $9,000 remaining after deduction for the funeral expenses and burial plot. Therefore it is apparent that no consideration at all was given to the net pecuniary loss the plaintiffs would sustain in the near foreseeable future by reason of being deprived of the support they could reasonably expect under the various life expectancy tables which the jury was told to consider, not only relating to the deceased but also in connection with the plaintiffs.

We hold that the verdict is contrary to the undisputed evidence and cannot be supported by any legitimate inferences to be drawn therefrom.

On the question of the remand, it is contended by plaintiffs that the evidence is such that any amount less than the full $25,000 statutory limitation could not be

sustained or justified and that therefore this court should direct entry of a judgment notwithstanding the verdict in the sum of $25,000. No cases in support of this novel proposition have been cited, and our research fails to reveal any authority therefor in states having statutory limitations on the amount of recovery for death. For this court to enter such a remand would be to nullify the statute and usurp the exclusive function of a jury in virtually all cases. The statute, C.R.S. 1963, 41-1-3(1), provides "* * * *the jury may give* such damages as they deem fair and just, not exceeding twenty-five thousand dollars, * * *." (Emphasis added.)

■■ Although it is a legitimate judicial function to set aside jury verdicts which appear to be grossly contrary to the manifest weight of the evidence in cases where juries seem to have misinterpreted or misconceived their duty or have failed to follow the instructions, nevertheless, we hold that it is beyond the judicial function to direct a jury in exact dollar amounts. The court is not the trier of the facts. A directed verdict in any dollar amount is not sanctioned even in the clearest of liability cases where the recovery is unlimited. It would not be a valid ground to invade the province of the jury merely because the case involved an amount which by statute put a ceiling on the jury determination. A remand with directions such as requested herein would virtually abolish jury trials on the issue of damages in death cases and leave no room for negotiations or settlements in clear liability cases.

The judgment is reversed and the cause remanded with direction to grant a re-trial on damages only.

Mr. Chief Justice McWilliams, Mr. Justice Groves and Mr. Justice Lee concur.