Opinion by
Mr. Justice Groves.
The defendant in error, as plaintiff, obtained a verdict in the amount of $16,000 against the defendant, the plaintiff in error here. The action involved personal injuries resulting from plaintiff’s fall down a stairway on defendant’s premises. We reverse, holding that the plaintiff was guilty of contributory negligence as a matter of law.
Defendant owned and operated a restaurant in downtown Denver known as the Gayety Inn. This establishment had a door in the rear at the alley through which customers passed on occasion. Plaintiff had made an exit from the restaurant through this door on at least one previous occasion. Until the time of the accident, he had not entered by this passageway.
On the afternoon in question, the plaintiff concluded to escort his wife into the restaurant for coffee, and they took the shortest route, which was by way of the alley entrance. There is a hallway immediately inside the alley door. As one entered this hallway a door at the top of an enclosed stairway leading to the basement would have been in front of him and a little to his right. In order to proceed into the restaurant one would go through a door and hallway immediately to the right of the stairway door. The stairway door opened inward. Plaintiff, thinking that he was proceeding into the dining area, opened the stairway door, stepped forward and fell down the stairs, sustaining the injuries for which he brought suit.
On the side of the stairway door facing the alley, there were affixed two signs which read “NO ADMITTANCE” and “KEEP OUT.” Immediately above these signs there had been painted in large letters two additional warnings: “NO ADMITTANCE” and “STEEP STAIRWAY.” These warnings were at or slightly above eye level. The following is a picture of the door as it then existed:

*363

*364 The following is a portion of the cross-examination of the plaintiff:
“Q. On the date you entered the premises on December 10th, you thought you knew where you were going, is . that correct?
A. Correct.
Q. In fact, you were very positive of it, were you not?
A. That’s right.
Q. And you were so sure of where you were going that you didn’t even look at the door, is that right?
A. That’s right, I didn’t assume that there was that kind of a hazard available.
Q. That isn’t the question I asked you, Mr. Hirth. Will you just answer my questions? You were so sure of where you were going, you didn’t even look at the door as you walked toward it, is that right?
A. That’s right.
Q. All you looked at was the doorknob?
A. That’s right.
Q. And you didn’t pay attention to whether there were any signs on the door?
A. I did not.
Q. Your eyes never got above the level of the doorknob?
A. That’s right.
Q. Did you have any difficulty seeing the doorknob?
A. No.
Q. You had no difficulty seeing the door itself?
A. No.
Q. You had no difficulty in seeing your way to walk to the door?
A. That’s right.
Q. Were there any lights on in there?
A. Where?
Q. In that hall where the door was.
A. To the right.
Q. There was a light on?
A. Yes.”
 Colorado consistently has followed the familiar *365 rule that any person has a duty to exercise ordinary care in the use of his faculties to discover danger and to avoid injury. Here, the plaintiff did not even attempt to observe surrounding conditions. For the plaintiff to be faced with the warning signs on the door and then not even to look at them must be held to be contributory negligence as a matter of law. There was testimony to the effect that the hallway was poorly lighted. However, this evidence does not change our conclusion that there was contributory negligence as a matter of law. This is a case of a man, who had never before entered by this route, approaching the door and by his own testimony negligently failing to use his eyes for any other purpose than to find the doorknob.
In each of the following four cases the plaintiff was held to be contributorily negligent as a matter of law: Union Pacific v. Cogburn, 136 Colo. 184, 315 P.2d 209; Field v. Sisters, 126 Colo. 1, 245 P.2d 1167; Miller-DuPont v. Service, 120 Colo. 131, 208 P.2d 87; and Fabling v. Jones, 108 Colo. 144, 114 P.2d 1100. The plaintiffs testimony in the instant action showed contributory negligence in an even stronger manner and degree than did the circumstances in any of the four cited cases. The defendant’s motion for a directed verdict should have been sustained.
The judgment is reversed and the cause remanded with directions to dismiss the complaint.
Mr. Justice Pringle, Mr. Justice Kelley and Mr. Justice Lee concur.