494 P.2d 129 (1971)
Veronica D. THORPE, Plaintiff-Appellee,
v.
The CITY AND COUNTY OF DENVER, State of Colorado, a Municipal corporation, Defendant-Appellant.
No. 70-440.
Colorado Court of Appeals, Div. II.
December 7, 1971.
Rehearing Denied January 11, 1972.
Certiorari Denied March 13, 1972.
*130 Edward B. Almon, Denver, for plaintiff-appellee.
Max P. Zall, City Atty., Lloyd K. Shinsato, Lee G. Rallis, Asst. City Attys., Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This appeal arises out of a wrongful death action filed by Veronica Thorpe against the City and County of Denver and two members of the Denver Police Department. The complaint alleged the City and the two policemen negligently failed to repair a malfunctioning traffic light and that this negligence caused an accident in which plaintiff's husband was killed. The defendants admitted the traffic light was malfunctioning, but denied this caused the accident and alleged the decedent's own negligence caused the accident and that sovereign immunity barred the action. Trial was to a jury. At the conclusion of the evidence the trial court dismissed the case against the policemen. It further ruled that sovereign immunity was inapplicable and could not be asserted as a defense by the City. The jury found in favor of plaintiff and awarded her $5,000. Plaintiff's motion for new trial on the issue of damages was granted by the trial court. At the new trial, the jury awarded plaintiff $35,000.
The accident in question occurred at the intersection of Sheridan Boulevard and the westbound off-ramp of Interstate 70. Decedent was proceeding off the 1-70 ramp in the left turn lane. None of the lights in the traffic signal facing him were illuminated. He entered the intersection and collided with a tractor-trailer vehicle which was proceeding northbound across the intersection in accordance with a green light.

I.
The City first contends that the trial court erred in ruling that governmental immunity was not a defense to the present action. It is the City's position that they can be held liable only for physical defects or obstructions in streets and that a malfunctioning traffic light fits into neither category. We do not find this argument persuasive.
The City is under a duty to maintain its streets in a reasonably safe condition for travel. Aurora v. Woolman, 165 Colo. 377, 439 P.2d 364. As stated in that case:
"This duty may be satisfied in one of two ways. When the city knows or, in the exercise of reasonable care, should know of a defect or dangerous condition in its streets it must either (1) repair or remedy the defect, or (2) exercise reasonable care to give adequate warning of the existence of the condition to the users of its streets."
We find no compelling reason to limit the City's liability to defects or obstructions on the surface of the roadway. The failure of the City to maintain a traffic light properly can create a condition far more dangerous than, for example, a hole in the pavement. Accordingly, we hold that the City's duty to maintain its streets includes a duty to maintain its traffic lights in a reasonably safe condition for travel.

II.
The City next contends that the trial court erred in allowing a traffic signal mechanic to testify regarding when the City received notice of the malfunction and when it was repaired. The City argues that this testimony was offered to establish the City's negligence and relies on the general rule excluding evidence of subsequent repairs when offered as evidence of negligence. Anson v. Evans, 19 Colo. 274, 35 P. 47; Colorado Electric Co. v. Lubbers, 11 Colo. 505, 19 P. 479. Plaintiff does not dispute this rule, but argues that the testimony *131 was not offered to show the fact of repair nor the fact that the light was malfunctioning, but instead was offered to show that the City had notice of the defect and that, having such notice, it was not timely in correcting it. We agree.
The malfunction was admitted by the City, thereby removing any danger that the jury would infer negligence from the fact of repair. See Diamond Rubber Co. v. Harryman, 41 Colo. 415, 92 P. 922. Further, the testimony was relevant to plaintiff's case and was reasonably calculated to prove the necessary elements set forth in Aurora v. Woolman, supra. Under these circumstances it was not error for the trial court to admit this testimony.

III.
The City also argues that the trial court erred in not finding, as a matter of law, that decedent was contributorily negligent. This contention is based upon plaintiff's failure to allege that decedent complied with Revised Municipal Code of the City and County of Denver 508.11-1, which states, inter alia.
"Whenever a driver approaches an intersection and faces a traffic control signal which is inoperative or which remains on steady red or steady yellow during several time cycles, the rules controlling entrance to a through street or highway from a stop street or highway shall apply until a police officer assumes control of traffic or until normal operation is resumed."
This argument fails to take into account that the burden of proving contributory negligence rested upon the City, R.C.P. Colo. 8(c), and that there is a rebuttable presumption that decedent observed the ordinance before he attempted to turn onto Sheridan. Denver City Tramway Co. v. Carson, 21 Colo.App. 604, 123 P. 680. The trial court found the presumption was not overcome as a matter of law and submitted the issue of decedent's contributory negligence to the jury. The court's ruling on this point is adequately supported by the evidence.

IV.
The City's final contention is that the trial court erred in granting plaintiff's motion for new trial on the issue of damages. Plaintiff's evidence showed damages considerably in excess of the original jury award. The trial court could properly determine that the jury disregarded the instructions or ignored the evidence. Under these circumstances, we find no error in granting a new trial on the issue of damages. Lewis v. Great Western Distributing Co., 168 Colo. 424, 451 P.2d 754; Brncic v. Metz, 28 Colo.App. 204, 471 P.2d 618.
Judgment affirmed.
DWYER and DUFFORD, JJ., concur.