517 P.2d 416 (1973)
Helen SIMPSON, Plaintiff-Appellant,
v.
Christopher Robert ANDERSON and Malcolm Anderson, Defendants-Appellees.
No. 73-009.
Colorado Court of Appeals, Div. I.
November 13, 1973.
Rehearing Denied December 4, 1973.
Certiorari Granted January 14, 1974.
*417 Edward D. Cleveland, Colorado Springs, for plaintiff-appellant.
Rector & Melat, Leo W. Rector, Colorado Springs, for defendants-appellees.
Selected for Official Publication. 
SMITH, Judge.
Plaintiff's husband was fatally injured when the motorcycle he was driving struck defendant's car at the intersection of Corona and Espanola Streets in Colorado Springs. A wrongful death action was commenced against the driver of the car and his father, the owner. Although some facts are in dispute, the evidence discloses that defendant's car, proceeding west on Espanola, was struck on the front left fender by decedent's motorcycle which was proceeding northbound on Corona. The speed at which defendant was driving is disputed. One witness estimated the speed to be 50 miles per hour, but the credibility of this witness was vigorously attacked. Defendant estimated his speed to have been just over thirty miles per hour. There was a yield sign for northbound traffic at the intersection of Corona and Espanola, and it was defendant's theory that plaintiff's husband negligently failed to yield the right-of-way to defendant's oncoming westbound car. However, neither defendant nor other witnesses observed decedent proceed past the yield sign. At the conclusion of a trial to a jury, under the doctrine of comparative negligence, a verdict was rendered finding that decedent was 75 percent negligent and defendant 25 percent negligent. Plaintiff appeals from the judgment based upon that verdict. We affirm.

I
On a variety of grounds, plaintiff contends that there was insufficient evidence of decedent's negligence to justify submission of that issue to the jury. Plaintiff first asserts that Colorado has adopted the rule that a deceased operator of a motor vehicle is presumed to have acted with due care, and that in the present case, there was insufficient evidence of decedent's negligence to overcome that presumption.
Although we have found no Colorado cases expressly adopting a rule that presumes that a decedent exercised due care, the supreme court used language in Andrus v. Hall, 93 Colo. 526, 27 P.2d 495, indicating that it indulged in certain presumptions in the decedent's favor. Although we are not convinced that the supreme court intended anything more than a rational explanation of the result reached in that case, we note that the presumptions were applied only after defendant sought to raise the defense of contributory negligence. We conclude from this that if such a rule as defendant asserts was intended by Andrus, supra, the presumptions were created primarily to ameliorate the harsh effect of a complete denial of recovery resulting from a finding of contributory negligence in those circumstances where decedent is unable to testify in his own behalf. Under the theory of comparative negligence, however, plaintiff's negligence does not ipso facto defeat his recovery, and the rationale behind such a presumption is therefore no longer persuasive. For this reason we hold that a rule that presumes exercise of due care by a decedent is inapplicable in wrongful death actions tried under our comparative negligence statute.
Even if we were to assume, arguendo, that such a presumption applies, we conclude from a careful review of the record that there was sufficient evidence of decedent's negligence in the instant case *418 to rebut such a presumption and to submit the issue to the jury. The uncontradicted evidence in the present case indicates that decedent was required by law to yield the right-of-way to traffic on Espanola, that decedent's motorcycle struck the left front fender of defendant's car, that there was no evidence of skid marks left by decedent's motorcycle prior to the impact, and that the payment was dry and decedent's view was unobstructed. See Prior v. Best Cabs, Inc., 199 Kan. 77, 427 P.2d 481.

II
Plaintiff also urges that defendant forfeited his right-of-way pursuant to the local ordinance by exceeding the lawful speed limit as he approached the intersection. Plaintiff argues that the trial court erred in refusing to instruct the jury on the Colorado Springs forfeiture ordinance. The ordinance quoted in plaintiff's tendered instruction is as follows:
"6-119. Losing Right of WayAny person who drives a vehicle in such a manner as to constitute a violation of this chapter, and such violation interferes with the ability of another driver to yield the right-of-way to such person, shall lose the right-of-way which he would have had under ordinary circumstances." (emphasis supplied).
There is no evidence in the record that defendant's violation of the traffic ordinance, if any, interfered with plaintiff's ability to yield the right-of-way to defendant, and the instruction was properly refused. We note that the Colorado Springs ordinance is not a statement of the common law rule of forfeiture expressed in Andrus v. Hall, supra, and that the ordinance does not support the theory advanced by plaintiff on appeal.

III
Plaintiff next asserts that the jury's apportionment of negligence was contrary to the evidence and that the trial court erred in refusing plaintiff's motion for a new trial on the issue of liability. As was stated in Transamerica Insurance Co. v. Pueblo Gas and Fuel Co., Colo.App., (72-239, Announced Oct. 24, 1973):
"The issue of percentage of negligence is one for the jury, and only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them should such issues be determined as a matter of law."
The record in this case adequately supports the jury's apportionment of negligence.

IV
The last issue raised by plaintiff is whether the trial court erred in permitting defendants' counsel to advise the jury during final argument that there could be recovery only if plaintiff were to be found less than 50 percent negligent. We hold that this was not error.
We recognize that Wisconsin, the earliest comparative negligence state, has adopted a philosophy designed to isolate juries from an understanding of the ultimate effect of their findings and therefore has precluded any comment by counsel relative to the effect of a jury's comparative negligence finding on the ultimate recovery or inability to recover. See DeGroot v. VanAkkeren, 225 Wis. 105, 273 N.W. 725; cf. Ryan v. Rockford Insurance Co., 77 Wis. 611, 46 N.W. 885. This, however, is an issue of first impression in Colorado.
We believe the better rule is one based not upon distrust of juries but rather one which recognizes that jurors collectively represent a cross-section of the conscience of the community. A jury is charged with determination of factual issues and is instructed to apply the law to its findings of fact in arriving at its verdict. A realistic approach requires that we recognize that juries will anticipate the consequences of their findings relative to percentage of negligence.
Under the Colorado comparative negligence provision, which denies recovery to the plaintiff found 50 percent negligent, there is a substantial possibility that a jury might misunderstand the consequences of *419 its decision. Acknowledging that jurors will anticipate the effect of their findings, we believe it preferable for the jury to deliberate with an understanding of the true effect of the law rather than under possible misapprehensions.
The manner in which the law applies to a given state of facts should not be a closely guarded secret which is known only to judges and lawyers. It will, in fact, ultimately become known to at least some members of the community who will be asked to sit upon juries. It is far better for courts to be the vehicle by which the operation of the law is explained then to rely upon whatever chance understanding may come the way of potential jurors. See Ryan, Are Instructions Which Inform the Jury of the Effect of Their Answers inimical to Justice?, 1940 Wis.L.Rev. 400.
For the foregoing reasons, we hold, that, under the comparative negligence statute, it is not error to permit counsel, during final argument, to comment upon the effect of the jury's findings of fact on the ultimate issue of liability of the parties.
Judgment affirmed.
SILVERSTEIN, C. J., and RULAND, J., concur.