530 P.2d 1308 (1974)
Svea Virginia DeLONG, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, a municipal corporation, and John Ronald DeWitt, Defendants-Appellees.
No. 73-256.
Colorado Court of Appeals, Div. II.
August 20, 1974.
As Modified on Denial of Rehearing December 3, 1974.
Certiorari Granted February 10, 1975.
Kripke, Carrigan & Bragg, P. C., Kenneth N. Kripke, Denver, for plaintiff-appellant.
Max P. Zall, City Atty., Lee G. Rallis, John E. McDermott, Asst. City Attys., for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
The plaintiff, Svea Virginia DeLong, was injured when the car which she was driving collided with a police car driven by defendant DeWitt while he was engaged in an emergency run to cover the fire department on a possible fire bombing. The police vehicle was proceeding south on Sheridan Boulevard. Plaintiff was proceeding west on West Evans Avenue. The red light of the police car was flashing, but the vehicle did not sound its siren until immediately before reaching the intersection. The traffic light at the intersection was red for north-south traffic. The two police officers in the vehicle testified the police vehicle had slowed to 30 miles per hour before entering the intersection. Other witnesses estimated the vehicle's speed at 40-50 miles per hour. None of the witnesses saw plaintiff's car until it entered the intersection going approximately 25 miles per hour. The two vehicles collided, and plaintiff suffered serious injury and remained in a coma for more than a month. She has no recollection of the accident. The plaintiff brought suit against *1309 the City and County of Denver and Officer DeWitt, seeking damages for her injuries. The case was tried to a jury which found for the defendants. We reverse.
During the trial, plaintiff attempted to introduce as an exhibit, a copy of the Denver Police Department Rules and Regulations and have the court instruct the jury as to the effect of these rules and regulations. Section 11.4 of these rules provides, in pertinent part, that at no time when answering fire calls will an officer proceed through red signal lights in excess of 15 miles per hour. The defendants objected to the introduction of this exhibit on the ground that the police department does not have the authority to set a standard of care for the operation of police vehicles. The trial court upheld this objection. This was error.
Neither party has cited to us a Colorado case in which the admissibility into evidence of the safety rules and regulations of an employer has been considered, nor have we found such a case. However, other jurisdictions have considered this issue and it is generally held that safety rules of an employer are admissible on the grounds that they constitute evidence of the standard of due care applicable to an employee's conduct and the employee's failure to follow the safety rules constitutes evidence of his negligence. Koninklijke v. Tuller, 110 U.S.App.D.C. 282, 292 F.2d 775; Powell v. Pacific Electric Railway Co., 35 Cal.2d 40, 216 P.2d 448; Simon v. City and County of San Francisco, 79 Cal.App.2d 590, 180 P.2d 393; Dillenbeck v. City of Los Angeles, 69 Cal.2d 472, 72 Cal.Rptr. 321, 446 P.2d 129.
The facts in Dillenbeck are almost identical to those in the case before us. There a police vehicle passed through a red light at a speed estimated at 40-60 miles per hour and collided with a car which had entered the intersection with a green light. The Los Angeles Police Department had issued safety rules titled "Training Bulletins" which instructed police officers to decelerate to fifteen miles per hour when passing an intersection against a red light on an emergency. In holding that the rules were admissible as evidence of the standard of due care, the court stated:
"The safety rules of an employer are thus admissible as evidence that due care requires the course of conduct prescribed in the rule. Such rules implicitly represent an informed judgment as to the feasibility of certain precautions without undue frustration of the goals of the particular enterprise. Accordingly, they may well be extremely useful to the trier of fact, who, applying the amorphous standard of `due care,' must strike a fair balance between the reduction of the risk to the public and the assurance of an effective use of an emergency vehicle."
Dillenbeck also held that the rules were admissible:
"[O]n the ground that an employee's failure to follow a safety rule promulgated by his employer, regardless of its substance, serves as evidence of negligence.. . . In short, the jury is entitled to conclude that the mere fact of violation of a safety rule promulgated by the employer is evidence that the employee conducted himself carelessly."
The jury was instructed on Denver Revised Municipal Code 503.7-1(2) which authorizes the driver of an emergency vehicle to:
"Proceed past a red or stop signal, or stop sign, but only after slowing down therefor as may be necessary for safe operation."
The rules of the police department are evidence of what speed is "necessary for safe operation". The rules and regulations of the police department should have been admitted as an exhibit evidencing the standard of due care with an instruction that a violation of these rules is evidence of negligence.
*1310 The court refused to give plaintiff's tendered instruction which stated that there is a rebuttable presumption that a person unable to recall the events leading up to an accident was exercising due care. This presumption, although rebuttable, is nevertheless recognized and the jury should have been so instructed. Thorpe v. City and County of Denver, 30 Colo.App. 284, 494 P.2d 129; Denver City Tramway Co. v. Carson, 21 Colo.App. 604, 123 P. 680; DeYo v. Umina, 121 Cal.App.2d 505, 263 P.2d 623.
We have considered the other errors claimed by plaintiff and find them to be without merit.
The judgment is reversed and the cause remanded for a new trial.
SILVERSTEIN, C. J., and ENOCH, J., concur.