## No. C-631

**City and County of Denver, a municipal corporation; and John Ronald DeWitt v. Svea Virginia DeLong**

(545 P.2d 154)

Decided January 26, 1976.

Max P. Zall, City Attorney, Lee G. Rallis, Assistant, John E. McDermott, Assistant, for petitioners.

Kenneth N. Kripke, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A defense verdict in a personal injury action caused the plaintiff (respondent), Svea Virginia DeLong, to appeal from the dismissal of her claim. The Court of Appeals reversed and remanded for a new trial. *DeLong v. City and County of Denver*, 34 Colo.App. 330, 530 P.2d 1308 (1974). We granted certiorari and now affirm the Court of Appeals.

The plaintiff was severely injured in an automobile collision which occurred at the intersection of Sheridan Boulevard and West Evans Avenue. The intersection was controlled by a stop light. The plaintiff was proceeding west on Evans and entered the intersection on a green light. The light was red for Sheridan traffic. The defendant (petitioner), John Ronald

DeWitt, a police officer, was driving a police car in a southerly direction on Sheridan Boulevard. The police car was on an emergency run and entered the intersection at West Evans Avenue against the red light. The police car was equipped with both a siren and a red light, and the red light was on at the time of the collision. The siren, however, was not put into operation until just prior to the time that the police car entered the intersection. The police were responding to an emergency fire call.

The police car, in the opinion of all witnesses, was proceeding at a speed somewhere between thirty and fifty miles per hour when it entered the intersection. A police officer who was in the police car said that the speed at the time of impact was forty miles per hour.

The plaintiff, who was thrown from her car as a result of the collision, suffered amnesia and was unable to recall what occurred prior to the collision. She brought suit against the driver of the police car and the City and County of Denver to recover damages for her injuries.

Two questions are before us for resolution: (1) Did the trial court commit error in refusing to admit the applicable provisions of the Denver Police Department Rules and Regulations? (2) Did the trial court improperly fail to instruct the jury that a rebuttable presumption of due care exists when a person is not able to testify as to the events preceding a collision because of amnesia? We answer both questions affirmatively.

I.

## Police Rules and Regulations

Plaintiff's counsel proffered a copy of the Denver Police Department Rules and Regulations as evidence. Section 11.4 of the Denver Police Department Rules and Regulations provides:

"Radio Code 50 authorizes the use of sirens and red light for the purpose of clearing traffic when answering . . . fire [calls] . . . . On all other calls of an urgent nature, where it appears that immediate police action is required, the dispatcher may authorize the officers assigned to the call to operate under the provisions of Code 50. At no time will an officer operating a police vehicle under the provisions of Code 50 proceed through red signal lights or stop signs in excess of fifteen (15) miles per hour . . . ."

The trial court sustained the defense objection to the introduction of the rules and regulations on the ground that they were not rules and regulations dealing with safety. Instead, the jury was instructed to resolve the issue of negligence on the basis of the Denver Revised Municipal Code § 503.7-1(2), which states:

"Proceed past a red or stop signal, or stop sign, but only after slowing down therefor as may be necessary for safe operation."

It is generally recognized that the safety rules of an employer are admissible to establish the standard of care which the employer requires of its employees, and failure to follow a safety rule constitutes evidence of negligence. *Koninklijke Luchtvaart Maatschappij N.V. K L M v.*

*Tuller*, 292 F.2d 775 (App. D.C. 1961); *Dillenbeck v. City of Los Angeles*, 69 Cal.2d 472, 446 P.2d 129, 72 Cal.Rptr. 321 (1968); *Powell v. Pacific Electric Rwy. Co.*, 35 Cal.2d 40, 216 P.2d 448 (1950); *Simon v. City and County of San Francisco*, 79 Cal.App.2d 590, 180 P.2d 393 (1947).

In our opinion, the facts in this case are identical to those in *Dillenbeck v. City of Los Angeles, supra,* where the Los Angeles Police Department Safety Rules were in issue. The California Supreme Court, addressing the same issue which is before us, said:

"The safety rules of an employer are thus admissible as evidence that due care requires the course of conduct prescribed in the rule. Such rules implicitly represent an informed judgment as to the feasibility of certain precautions without undue frustration of the goals of the particular enterprise. Accordingly, they may well be extremely useful to the trier of fact, who, applying the amorphous standard of 'due care,' must strike a fair balance between the reduction of the risk to the public and the assurance of an effective use of an emergency vehicle.

. . . .

"The safety rules . . . may be introduced on the ground that an employee's failure to follow a safety rule promulgated by his employer, regardless of its substance, serves as evidence of negligence. . . . In short, the jury is entitled to conclude that the mere fact of violation of a safety rule promulgated by the employer is evidence that the employee conducted himself carelessly . . . ."

In our view, Code 50 is clearly a safety rule. Section 11.4, Police Department Rules and Regulations. It defines a maximum speed at which a police vehicle may enter a controlled intersection while on an emergency run. The significance and the applicability of the rule is apparent. An officer in the police car admitted that, in responding to an emergency, a police car is required to slow down to fifteen miles per hour when entering an intersection. Safety rules augment and clarify the general provisions of ordinances such as R.M.C. § 503.7-1(2).

A red light and a siren do not constitute a license to travel at any speed under any circumstances. The chief of police acted within his authority in promulgating rules and regulations to insure the efficient and safe operation of the Denver Police Department. On retrial, the *relevant* rules and regulations of the Police Department should be admitted into evidence to establish the standard of care required by police officers in the operation of a motor vehicle on an emergency run.

## II.

### Instructions

The injuries which the plaintiff suffered in the collision were severe and brought about a loss of memory and amnesia. Her counsel tendered an instruction on the presumption of due care that is permitted in a

personal injury action when a party suffers amnesia as a result of a collision. The instruction was refused. The failure to give an instruction, with proper safeguards, was error. The presumption of due care is grounded on the theory that a person usually acts with greater caution when faced with circumstances which carry a serious threat of injury or loss of life. *See Denver City Tramway Co. v. Carson*, 21 Colo. App. 604, 123 P. 680 (1912); *see also Looney v. Metropolitan Railroad Co.*, 200 U.S. 480, 26 S.Ct. 303, 50 L.Ed. 564 (1906); *Webb v. Martin*, 364 F.2d 229 (3d Cir. 1966); *State of Maryland v. Baltimore Transit Co.*, 329 F.2d 738 (4th Cir. 1964); *Thorpe v. City and County of Denver*, 30 Colo. App. 284, 494 P.2d 129 (1971); *cf.*, *Simpson v. Anderson*, 33 Colo. App. 134, 517 P.2d 416 (1973), which prohibits the use of the presumption in a wrongful death action when comparative negligence is the issue.

The injuries which the plaintiff suffered caused the loss of memory and prevented her from testifying knowledgeably as to what did occur prior to the collision. *Webb v. Martin, supra*; *Wartels v. County Asphalt, Inc.*, 29 N.Y.2d 372, 278 N.E.2d 627, 328 N.Y.S.2d 410 (1972); *Merritt v. Reed*, 186 Neb. 561, 185 N.W.2d 261 (1971); *Schecter v. Klanfer*, 28 N.Y.2d 228, 269 N.E.2d 812, 321 N.Y.S.2d 99 (1971); *DeYo v. Umina*, 121 Cal.App.2d 505, 263 P.2d 623 (1954).

Dangers exist as to the use of such an instruction since amnesia may be easily feigned. To ameliorate the dangers inherent in the rule, the party claiming amnesia must shoulder the burden of showing the existence and cause of amnesia and that amnesia was caused by the tortious act. *Schecter v. Klanfer, supra.*

A presumption of due care instruction should not be given when direct and credible evidence supports a contrary conclusion, and the presumption is only operative when no reliable proof to the contrary exists. When this case is tried again, the trial judge should determine whether the facts justify such an instruction. Evidence may be available on retrial that was not before the court at the first trial. The presumption does not shift the burden of proof or eliminate the need for the plaintiff to introduce evidence which establishes a prima facie case. *Schecter v. Klanfer, supra*; *see also* Annot., 141 A.L.R. 872.

Accordingly, we affirm the Court of Appeals.

MR. JUSTICE DAY concurs in part and dissents in part.

MR. JUSTICE KELLEY concurs in the result.

MR. JUSTICE DAY concurs as to point I and dissents as to point II of the opinion:

I concur in part and dissent in part to the majority opinion.

While I agree that the case should be retried and plaintiff was entitled to have an instruction on the police department safety rules, the holding in part II of the majority opinion that the court erred in refusing to give an instruction on the presumption of due care because she was suffering from amnesia will create a irreconcilable conflict on retrial.

There can be no presumption of due care in this case on the physical evidence and the inferences to be drawn therefrom. The photographs show that there are no obstructions in the intersection where this collision occurred. There are open lots and a service station well set back, giving one an unobstructed view of the street on which the police vehicle was traveling. The evidence is not clear as to whether the police car was using its siren or whether a fire truck immediately ahead was sounding any warning device. But there was no doubt from the evidence that the police car was displaying its revolving red light on the roof of the car.

The jury was given proper instructions supported by evidence in this case and backed by settled case law. One was as follows:

"To look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care and is of no more effect than not to have looked at all."

*T.S.M. Corp. v. Hirth,* 172 Colo. 361, 473 P.2d 707 (1970); *Union Pacific v. Cogburn,* 136 Colo. 184, 315 P.2d 209 (1957); *Fabling v. Jones,* 108 Colo. 144, 114 P.2d 1100 (1941).

Another instruction on city ordinances included ordinance 503.8-1 as follows:

"503.8-1. Upon the immediate approach of an authorized emergency vehicle displaying at least one lighted red light, or the driver is giving audible signal by siren, exhaust whistle or bell, the driver or operator of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to and as close as possible to the right hand edge or curb of the roadway, clear of any intersection, on streets where traffic in two directions is permitted, and on one-way streets, to either the right or left-hand curb or edge of the roadway, clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer."

There is little doubt plaintiff violated this ordinance because the police car was displaying its emergency lights.

Both instructions were proper on the state of the evidence in the record. They are absolutely irreconcilable with an instruction on the presumption of due care. Such conflicting instructions could not possible make any sense to a jury on retrial.