**Wayne T. GERBICH, Betty M. Regnier and Robert M. Regnier, Plaintiffs,**

v.

**Grayson B. EVANS, Defendant.**

**Civ.A.No. 81–K–403.**

United States District Court, D. Colorado.

Nov. 3, 1981.

Robert F. Dufty, Denver, Colo., Webb, Stokes & Sparks, San Angelo, Tex., for plaintiffs.

James R. Florey, Jr., Denver, Colo., for defendant Evans.

James W. Wilson, Wheat Ridge, Colo., for defendants Regniers.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case stems from an automobile accident near Idaho Springs, Colorado on December 12, 1980. Plaintiff Gerbich seeks damages for his medical expenses and lost future earning capacity. Plaintiffs Regnier seek wrongful-death damages for their daughter's death. Jurisdiction is based solely on diversity of citizenship, 28 U.S.C. § 1332(a). Plaintiff Gerbich has requested a jury trial.

Defendant has made three motions *in limine.* In motion I, defendant seeks an order allowing the introduction of expert testimony on what plaintiffs' income taxes will be during the years of lost future earning capacity.[1] Motion II seeks a jury instruction stating that any damage awards will not be subject to income taxes and that the jury should not consider taxes in determining the amount of the award. Motion III seeks a jury instruction to be used in the event that plaintiffs' counsel ask any voir dire questions regarding insurance. In that event, defendant seeks an instruction that the jury is not to speculate on the availability of insurance. I deny all three motions.

## I. INCOME TAXES

In support of his first two motions, defendant relies solely on *Norfolk and Western Ry. Co. v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). That case was a wrongful death action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et seq.* The court noted that, under this act, "the measure of recovery is 'the damages ... [that] flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received....'" *Id.* at 493, 100 S.Ct. at 757

(citation omitted). Applying this test the court concluded that it was error for the trial court to exclude evidence of the deceased wage earner's income tax liability, *id.* at 493–94, 100 S.Ct. at 757–58, and that the jury should have been instructed that its award would not be subject to income tax, *id.* at 497–98, 100 S.Ct. at 759–60.

■ In actions under both the Federal Employers' Liability Act and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, the Tenth Circuit has concluded that unconscionable results will sometimes occur if income tax liability is not considered and will sometimes occur if it is considered. Its conclusion is that the question should be "left to the exercise of sound discretion of the trial Judge, whether with or without a jury." *Sanchez v. Denver & Rio Grande Western Ry. Co.,* 538 F.2d 304, 305 (10th Cir. 1976); *United States v. Sommers,* 351 F.2d 354, 360 (10th Cir. 1965). In *DeWeese v. United States,* 419 F.Supp. 170, 172 (D.Colo.1976), *aff'd in part, remanded in part,* 576 F.2d 802 (10th Cir. 1978), Chief Judge Winner of this court had to decide whether to take into account income taxes in an action for personal injuries and wrongful death under the Federal Tort Claims Act. He concluded:

In accordance with my own convictions and with my understanding of *Sanchez,* I do take income taxes into account and I award damages in these cases on the basis of 'take-home' pay. It is argued vigorously in the briefs that gross pay should be the base, but I just simply can't buy that argument. As I understand damage theory, the award for lost income should be for the income the plaintiffs have lost, and what they have lost is the amount left over after the government takes its inevitable bite. I think that an award of gross pay would be a windfall to the plaintiffs, although I recognize that where, as in *Sanchez,* the suit is against the employer, the employer is given a break because the employer would have

---

1. Although defendant does not distinguish between plaintiff Gerbich and plaintiffs Regnier, I presume that the testimony would be on plaintiff Gerbich and decedent Regnier's income taxes. Plaintiffs Regniers' income taxes are not relevant here.

been paying the gross amount to Sanchez, and his "partner," the IRS. In this sense, under the circumstances of *Sanchez,* the employer benefits from computing damages on a 'take-home' pay basis, but even the IRS hasn't figured out how to intervene to claim in a wrongful death or personal injury suit that it should be compensated for the loss of future withholding taxes. Here, though, the employer is not the tort feasor, and the reasons for using 'take-home' pay are even more compelling than they were in *Sanchez.*

On appeal, the Tenth Circuit stated,

> although we do not agree with all of the rhetoric contained in the trial court's opinion on damages, we are of the opinion that the results which it reached should be generally affirmed.

476 F.2d at 809. Although the exceptions to this general affirmance are not relevant here, I still cannot tell whether the Tenth Circuit considers the quoted passage of Chief Judge Winner's opinion as "rhetoric." In this vale of uncertainty, I conclude that the Tenth Circuit rule is that trial judges are to exercise their "sound discretion" in deciding whether to consider the effect of income taxes.[2]

■ In actions under the FELA and the FTCA the measure of damages is a matter of federal law. See *Norfolk and Western Ry. Co. v. Liepelt,* 444 U.S. at 493, 100 S.Ct. at 757. In contrast, substantive legal issues in diversity actions are a matter of state law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64,,58 S.Ct. 817, 82 L.Ed. 1188 (1938). The *Liepelt* decision is therefore not controlling in this case.[3] See *Croce v.*

*Bromley Corp.,* 623 F.2d 1084, 1096–97 (5th Cir. 1980). I must instead look to Colorado law to determine whether plaintiffs' alleged damages will be affected by any possible income tax liability.

■ Neither party cites any Colorado Supreme Court decisions on the question of the admissibility of evidence and instructions on the effect of income taxes; my independent research also has not discovered any such decisions.[4] When the highest state court has not spoken on an issue that comes before this court in a diversity case I must follow the applicable rules of decision that have been announced by the state's intermediate appellate courts. *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 237–38, 61 S.Ct. 179, 183–84, 85 L.Ed. 139 (1940).

The Colorado Court of Appeals has twice upheld trial court refusals to give proffered jury instruction that awards would not be taxable. In *Polster v. Griff's of America, Inc.,* 32 Colo.App. 264, 514 P.2d 80, 83 (1973), *rev'd on other grounds,* 184 Colo. 418, 520 P.2d 745 (1974), the court stated that such an instruction would be "improper." In *Davis v. Fortino & Jackson Chevrolet Co.,* 32 Colo.App. 222, 510 P.2d 1376, 1378 (1973), the court stated an instruction that an award was not taxable would "inject[ ] a wholly irrelevant issue." The Colorado Court of Appeals has also upheld a trial court decision excluding evidence of the effects of plaintiff's loss of earning capacity on his income taxes. *Hildyard v. Western Fasteners, Inc.,* 33 Colo.App. 396, 522 P.2d 596, 601 (1974). I therefore con-

---

**2.** See generally Anno., *Propriety of taking income tax into consideration in fixing damages in personal injury or death action,* 63 A.L.R.2d 1393 (1959).

**3.** Defendant argues,

> This Court should not be dissuaded from applying the law pronounced in [*Liepelt*] because it concerned death in a FELA matter. Any such isolation of the holding on that case to a FELA matter is specious; it would be a distinction without a difference.

Because I conclude that the distinction is founded on the *Erie* doctrine, I hold that there is a difference which is not specious.

**4.** The Colorado Supreme Court has long adhered to the "net pecuniary loss rule" in wrongful death actions. See, e.g., *Lewis v. Great Western Distributing Co.,* 168 Colo. 424, 427, 451 P.2d 754, 755 (1969); *Pierce v. Conners,* 20 Colo. 178, 182, 37 P. 721 (1894). Income tax is not mentioned in the many factors that trial courts are supposed to consider in determining net pecuniary loss. Absent an explicit statement from the Colorado Supreme Court, I will not speculate on how it would rule on the issue regarding income taxes that is now before me.

clude that evidence and instructions on the taxability of any awards to plaintiffs in this case are not admissible.

## II. INSURANCE

 Defendant's third motion *in limine* concerns insurance. He requests that, if plaintiffs' counsel ask any voir dire questions relating to insurance, that I then instruct the jury that:

> No insurance company is a party to this action and the jury may not speculate upon the question of whether the Defendant is or is not insured, as that question has no bearing whatever on any issue in this case.

Plaintiffs object to this motion, arguing that Colorado courts have held that it is appropriate to ask prospective jurors whether they are associated with insurance companies, and that the proffered instruction is "irrelevant and immaterial and could create an inference [that] is not based in fact."

I deny that motion because it is premature and improperly formulated. In this court the judge conducts the voir dire examination. Before trial, counsel are permitted to submit proposed voir dire questions. At that time opposing counsel may object to proposed questions. Counsel also will submit proposed jury instructions. I will determine what instructions are proper after all the evidence is in. Counsel will have an opportunity to express their views on the proposed instructions at that time.

IT IS SO ORDERED that defendant's motions in limine I, II, and III are denied.